PETER McREA, plaintiff in error, vs. THE MAYOR AND CITY COUNCIL OF AMERICUS, defendant in error.

Acquittal in a state court on a prosecution by the state for assault and battery, will not protect the accused from subsequent trial and conviction in a municipal police court, under a city ordinance, upon the charge of disorderly conduct in fighting, though the same transaction and state of facts be involved in both trials.

Criminal law.    *Autrefois acquit.*    Before Judge CRISP. Sumter County.    At Chambers.    July 7, 1877.

Reported in the opinion.

W. A. HAWKINS; ALLEN FORT; PETER LAMAR, for plaintiff in error.

B. P. HOLLIS, for defendant.

BLECKLEY, Judge.

In a special criminal court (provided for by the act of 1873, pamph., p. 240), exercising jurisdiction over misdemeanors committed within the militia district in which the city of Americus is situated, a prisoner was duly tried for the offense of assault and battery, and acquitted.    The accusation was based on the general law of assault and battery, and was in the name and behalf of the people of Georgia. Afterwards, the prisoner was put upon trial before the mayor of Americus, charged by the mayor and city council with violating a city ordinance by disorderly conduct, in fighting within the city.    The plea of former acquittal was relied

upon, as well as the plea of not guilty. The corporation made out a case against him, by proving a certain fight in which he participated. The fight took place within a dwelling house, at or near the door, and occurred late at night—about 3 o'clock A.M. There were blows, a struggle, and some noise. The prisoner introduced a copy of the proceed·ings in the district court, showing his acquittal, in that court, of assault and battery, and offered testimony to prove that the prosecution in that court was for the same transaction, and involved the same state of facts as the case on trial—that the two offenses were, in fact, one and the same. The mayor rejected the testimony, and sentenced the prisoner to a penalty under the city ordinance. He thereupon applied for a *certiorari,* which was refused. That refusal is complained of.

Only one ground of *certiorari* is insisted on, and that is the rejection of testimony going to support the defense of former acquital. In the trial had before the state tribunal, (the criminal court of the militia district) the prisoner's conduct was compared with the general penal Code of the state, and was found not to be violative of that Code. In the trial before the mayor, the same conduct was compared with the city ordinances of Americus. The inquiry in the former trial was whether he had committed an assault and battery; in the latter, it was whether he had committed disorderly conduct in fighting. Disorderly conduct in fighting, may include an assault and battery by the particular party to the fight who happens to be on trial, or it may not. In this instance, it did not. That much was ascertained by the acquittal. But the city was concerned with the alleged criminal transaction, not as an assault and battery, but as disorderly conduct within the limits of a municipal corporation, where the preservation of good order is matter of local police. The prisoner may have acted contrary to sound and wholesome police, though innocent of an assault and battery. He might not have been obliged to fight when and where he did, or with the degree of disturbance and noise that attended the

combat.   He engaged in the business in the dead hours of the night.    Perhaps he could have put it off till the return of day-light.    A night fight in a city, is disorder of a grave character, especially when attended with uproar.    In *policing* such an occurrence, it must be searched, not for an assault and battery merely, but for all the criminal elements, however vague and minute, that militate against good order. Municipal government stands between the family and the state.    It is an aid to both, and partakes of the nature of both. Police ordinances are at once family rules on a large scale, and state laws on a small scale.    The city magistracy will not take cognizance of all misbehavior that a discreet parent would notice and correct in his household; neither will it pass by all that the state has, or all that it has not, made penal.    Its chief function in matters of police is to apply discipline, both preventive and punitive, where the authority of the family cannot be exerted, and where the authority of the state, as such, has not been put forth otherwise than by creating the municipality, and clothing it with power.    This statement is not exhaustive, for much that lies within the family authority, may be brought within the city ordinances also, either for the purpose of aiding that authority when willing, or of keeping order without its assistance when it is indolent or unwilling.    So, on the other hand, many transactions that are made penal by the general law of the state may, at the same time, afford material for a proper police ordinance.    The state may deal only with the central element of a transaction which is fringed all round with adjuncts that ought to be prohibited by ordinance as highly mischievous to the quiet of municipal society.    In the country, such adjuncts might not need repression, for there they might be comparatively harmless.    In a city, we think, a man may fight in a way to violate an ordinance, without being guilty of an assault and battery.    We take it for granted that there was a valid ordinance applicable to the case, as nothing to the contrary is suggested in the record.

Cited by counsel:  Cooley on Con. Lim., 199, and notes.

The Ga. R. R. & B'g Co. *vs.* Hamilton.

Compare 14 *Ga.*, 354; 21 *Ib.*, 80; 35 *Ib.*, 145; 38 *Ib.*, 542; 53 *Ib.*, 73.

Judgment affirmed.