## DARBY vs. THE WESLEYAN FEMALE COLLEGE.

1. After a bill of exceptions had been lodged with the clerk of the superior court, and by him marked "filed in office," it was withdrawn by one of the counsel for plaintiff in error, the outer page was taken off and a new one put in its place, an acknowledgment of service was made by counsel for defendant in error, and the paper was re-filed. The clerk sent up both the original outer sheet and the bill of exceptions as re-filed. On a rule to show cause why counsel and the clerk should not be attached for contempt, the answers showed that there was entire good faith, that the alteration was the result of a misunderstanding on the part of counsel and the clerk, the former not intending to have the paper marked filed when first handed to the latter, and that counsel for defendant in error were notified of what was done:
*Held*, that the rule will be discharged.
2. A clerk, having once received and filed a bill of exceptions, has no authority to alter it or allow it be altered by counsel for either or both parties. The bill of exceptions having been filed and an acknowledgment of service having been obtained thereon afterwards, it must be dismissed; and the taking off of the outer sheet and re-filing, being illegal, will not save the case from a dismissal. Writ of error dismissed.

October 23, 1883.

.JACKSON, Chief Justice.

---

## DeGRAFFENREID vs. THE STATE OF GEORGIA.

1. The conviction of the defendant in the mayor's court, under a municipal ordinance, for disturbing the peace, will not protect the accused from a subsequent prosecution by the state for assault and battery, though the same transaction be involved in both cases. 59 *Ga.*, 168.
2 The charge was not erroneous; it neither expressed nor intimated an opinion on the facts, but stated hypothetically that if certain facts were proved, they would constitute assault and battery.
3. The verdict was right.
Judgment affirmed.