## PAPWORTH v. CITY OF FITZGERALD.

1. The city council of the City of Fitzgerald has authority, by virtue of the "general welfare" provisions in its charter, to pass an ordinance prohibiting any one from keeping within the limits of the city any intoxicating liquors for the purpose of an illegal sale thereof; but this council has no power under its charter to prescribe, as a penalty for a violation of this ordinance, both a fine and a term of imprisonment in the city jail.

2. The accused having properly been found guilty of a violation of the city ordinance against keeping intoxicating liquors for the purpose of an illegal sale thereof, but the sentence of the municipal court being illegal in that it imposed upon the accused, in addition to a fine of one hundred dollars, imprisonment in the city jail, direction is hereby given to the judge of the superior court below to render a judgment upon the petition for certiorari, setting aside the sentence of the recorder, and directing him to impose upon the accused a fine of the amount above stated, and in default of its payment, imprisonment in the city jail as prescribed by section 68 of the charter.

Argued January 16, — Decided February 2, 1899.

Certiorari. Before Judge Smith. Irwin superior court. November term, 1898.

*E. H. Williams* and *Hal Lawson*, for plaintiff in error.
*E. W. Ryman*, contra.

LEWIS, J. Papworth was arraigned before the recorder of the City of Fitzgerald for a violation of the following ordinance, passed by the city council of Fitzgerald: "Be it ordained by the city council of City of Fitzgerald, that any person, persons, firm, or corporation, who shall within the limits of the City of Fitzgerald keep for the purpose of illegal sale any malt, spirituous, fermented, or other intoxicating liquors, shall upon conviction in the municipal court be punished by a fine of one hundred dollars and imprisonment in city jail ninety days." The accused was found guilty, and the penalty provided for by the ordinance above quoted was imposed upon him by the recorder. The accused thereupon brought his petition for certiorari to the superior court, and after hearing the same the judge ordered that the petition for certiorari be overruled. Upon this judgment error is assigned in the bill of exceptions. It is alleged in the petition for certiorari that the petitioner was tried under "a complaint or accusation for keeping for the purpose

of illegal sale, and selling malt, spirituous, fermented, and other intoxicating liquors against the provisions of ordinance No. 81 of said city made and provided." A demurrer was filed to the complaint, and one ground insisted on in the demurrer was that the accusation in effect charged two offenses, one the keeping for illegal sale of intoxicating liquors, and the other the actual sale of such liquors. It appears from the record that the city council had also passed an ordinance prescribing a penalty for selling, without municipal license, intoxicating liquors, and providing therefor a punishment different from that prescribed in the other ordinance against keeping such liquors for the purpose of illegal sale. Manifestly the accused could not, over his objection, be properly placed upon trial under a single accusation charging him with a violation of two such distinct offenses against the penal laws of the city; but it appears from the record that the acts set forth were against the provisions of ordinance 81 of the city, which is the ordinance above quoted, against the keeping for the purpose of illegal sale of intoxicating liquors. The terms of the accusation, as set forth in the petition, are ambiguous. They may be construed to mean a charge against the accused of selling liquors, and also a charge of keeping liquors for the purpose of illegal sale; and they are also susceptible of the construction that the accused was simply charged with keeping liquors for the purpose of illegal sale and for the purpose of selling the same. In view of the fact that the accusation is predicated upon the particular ordinance against keeping liquors for the purpose of illegal sale, and the accused, after conviction, was sentenced in accordance with the terms of this ordinance alone, we think it fair to construe the accusation into a charge simply of violating the provisions of the penal law of the City of Fitzgerald against keeping intoxicating liquors for the purpose of illegal sale, and that the words following, "and selling," were mere surplusage. We will, therefore, treat the case as a prosecution under the provisions of ordinance 81, and will consider the controlling question in the record touching the validity of that ordinance.

1. It is insisted in behalf of the plaintiff in error, that the ordinance in question is based upon the provisions in the

charter of the city conferring upon the city council of Fitzgerald the sole and exclusive power and authority to regulate the sale of spirituous and other intoxicating liquors within its incorporate limits, and upon a further provision which empowers the city council to punish such persons as sell such liquors without a municipal license. See Acts of 1897, p. 167, sec. 38, and p. 168, sec. 40. It is contended, that these provisions in the act of incorporation are not constitutional; that the general law regulates the sale of liquors within the incorporate limits of the towns of this State, and that section 431 of the Penal Code provides for the punishment by the State of persons selling intoxicating liquors within the limits of towns and cities without corporate license; and that therefore the act of the legislature conferring such powers upon the city council of Fitzgerald is violative of the provision of the constitution which declares that no special law shall be enacted in any case for which provision has been made by an existing general law. As above indicated, this prosecution is not for selling liquors, nor is it based upon any ordinance regulating their sale. We therefore deem it unnecessary to consider the constitutional question presented by the argument in behalf of the plaintiff in error, as to whether or not the City of Fitzgerald has the power to pass an ordinance prohibiting the sale of liquors within its limits and prescribing a penalty for a violation of such ordinance. The question whether it has the power to enact a penal law against keeping intoxicating liquors for the purpose of illegal sale is an entirely different one. Such an ordinance does not in anywise relate to the regulation of the sale of liquors, nor is there any law making such an act a penal offense against the laws of the State. Section 33 of the act of 1896 (see p. 166) empowers the city council of Fitzgerald to "regulate the police of the city, and to pass and enforce all necessary police ordinances." The following section provides, among other things, that this council shall have power "to do all acts, make all regulations which may be necessary or expedient for the promotion of health, morals, or temperance of the residents of the city." Even conceding, therefore, that the other provisions of the charter, with reference to punishments for the illegal sale of

liquors, are unconstitutional, the general welfare clauses to which we have just referred clearly confer upon the corporate authority the power to pass the ordinance in question. This has been clearly ruled in the case of *Paulk* v. *Sycamore*, 104 *Ga.* 728, and in the authorities cited by Mr. Justice Cobb in the lucid and thorough opinion written by him in that case.

We fail to find in the charter of the City of Fitzgerald, as embodied in the Acts of 1896, pp. 157–183, any specific provision authorizing the city council to impose, as a penalty for violating any of its ordinances, both a fine and a term of imprisonment. On the contrary it is provided, in section 68 of the act of incorporation, that it shall be a part of the judgment against one found guilty of the violation of any of the ordinances of the city, that he "stand committed until such judgment be complied with, in no case to exceed one day for every one dollar of fine and cost assessed against the defendant, and no fine shall exceed one hundred dollars together with costs." The words "stand committed," used in this section, evidently refer to incarceration or imprisonment, and the section quoted provides that such imprisonment shall in no case exceed one day for every dollar of fine and costs; and we think it necessarily implies that no imprisonment at all can be inflicted without there having first been given the defendant the opportunity of paying such fines and costs as may be imposed. Section 76 of the same act provides that "any person upon whom any fine or penalty shall be imposed may, upon the order of the court before whom the conviction is had, be committed to the county jail, city prison, workhouse, house of correction, or other place provided by the city for the incarceration of offenders, until such fine, penalty, and costs shall be fully paid. The same section further provides that the city council may, by ordinance, require any male person over eighteen years of age, when committed in default of payment of fine, to work for the corporation at such labor as his strength will permit, not exceeding ten hours each working-day. Section 33 of the charter grants the council power to "establish and erect a city jail, house of correction, and workhouse, for the confinement and reformation of disorderly persons, vagrants, tramps, idle persons, and

persons convicted of violating any city ordinance," but there is nothing in this section at all inconsistent with the provisions of the first two cited. After a careful reading of this long act of incorporation, we find no other provision therein relating to a punishment of offenders against city ordinances by imprisonment or commitment to jail. While it is true the sections referred to do not specifically limit the power of the town authorities in reference to punishing offenders against the city by definitely stating that no punishment by imprisonment can be inflicted except in the alternative of a failure to pay the fine imposed, yet we can see no other reasonable construction that can be placed upon the language in the charter. From the use of the language quoted above, we are convinced that such was the intent of the legislature. We do not mean to say that, even under the general welfare clauses above referred to, in the absence of any other provision in the charter on the subject, a fine and imprisonment might not both be imposed by the municipal authorities upon those convicted of violating the penal laws of the city. It would be a remarkable grant of power, however, to imply from such a general provision, as it would practically give the city council unlimited power to fine and imprison. The subject of the power of the council to impose punishments having been dealt with in the charter itself, and the whole spirit, if not letter, of the incorporating act being evidently in accord with the view and construction above given, we conclude that the punishment prescribed by the ordinance now under consideration and which was inflicted upon the defendant below is without any valid law to sustain it. Had the penalty been inflicted in accordance with the general law as embodied in section 712 of the Political Code, the question would have been an entirely different one. It is provided in that section that "all police courts of this State, having authority to try offenses against the laws of the cities, towns and villages in which such courts are located, shall have power and authority to impose fines upon persons convicted of said offenses, with the alternative of other punishment allowed by law, in case said fines are not paid." No such alternative was allowed in the sentence of the recorder

of Fitzgerald, who imposed a fine of $100 and also imprisonment in the city jail for ninety days. If we are wrong in the view we have taken of this case, then it would follow that, by virtue of the provisions of section 68 of the act of 1896, above mentioned, should the accused in this case fail to pay the fine of $100 and the costs, after serving out his term of ninety days in jail he could be further incarcerated for more than 100 days, thus making the total period of his incarceration longer than 190 days, when the limit of such confinement clearly implied from the terms of the charter is but 100 days.

There were several other grounds in the demurrer filed by counsel for the accused to the accusation in the recorder's court, and also a special plea filed by him; but the above views are controlling of the issues involved and cover all the points insisted upon in the brief filed in behalf of the plaintiff in error.

2. It follows from the above, that the portion of the city ordinance in effect making it illegal to keep intoxicating liquors within the limits of the City of Fitzgerald for the purpose of an illegal sale thereof, and the imposing of a fine of one hundred dollars for a violation of the ordinance, is valid; but that portion of the ordinance imposing, in addition to such fine, a penalty of imprisonment in jail, is without authority of law to sustain it. We do not think, however, that this defect in the ordinance renders its entire provisions null and void. All of the ordinance is valid and may be enforced down to and including the imposition of the fine of one hundred dollars. The remaining portion imposing also an absolute penalty of imprisonment is an attempt to exercise a power which is ultra vires, and should be disregarded. Under section 68 of the charter, where the ordinance simply prescribes a fine as a penalty, the municipal court has the power also to impose imprisonment in the event of a failure to pay the fine. Direction is accordingly given as indicated in the second headnote.

*Judgment affirmed, with direction. All the Justices concurring.*