## KINNEY *v.* MAYOR AND COUNCIL OF BLACKSHEAR.

1. Under the facts set forth in the petition for certiorari it was error to refuse to sanction the same, the ground thereof that the judgment of conviction was not supported by the evidence being well founded.
2. The Mayor and Council of Blackshear have authority, under the charter of that town, to require a person convicted of a violation of a town ordinance to labor a specified number of days, not exceeding twenty, upon the public streets, without first giving such person an opportunity to pay a fine. There is nothing in the Political Code, § 712, which prohibits the exercise of such authority.

Submitted June 16, — Decided July 17, 1902.

Petition for certiorari. Before Judge Bennet. Pierce superior court. April 10, 1902.

*John T. Myers,* for plaintiff in error.
*John W. Bennett, solicitor-general,* contra.

COBB, J. Joe Kinney presented to the judge of the superior courts of the Brunswick circuit his petition praying that a writ of certiorari might issue, directed to the Mayor and Council of Blackshear. The petition alleged that Kinney was tried by the Mayor and Council of Blackshear "for the offense of disorderly conduct,"

and that he was convicted and was sentenced to work on the public streets for a period of twenty days. The assignments of error in the petition were, that the judgment of conviction was without evidence to support it; and that the sentence was illegal and void, it not being provided therein that the defendant might discharge the same by the payment of a fine. The judge refused to sanction the certiorari, and the petitioner excepted.

1. The evidence in behalf of the mayor and council, as set out in the petition, was, in brief, that the accused on a named .day, about 9:30 o'clock at night, shot a slingshot and hit something which was supposed to be a church, and that something was heard to rattle which sounded like a window had been hit; that there was no disorder or any other disturbance, except as above stated. We think the judge should have sanctioned the petition. The ordinance under which the accused was arraigned is not set out in full in the petition, but it is distinctly alleged that the accused was charged with "the offense of disorderly conduct," and it must be inferred from this allegation that the ordinance under which the accused was prosecuted was the familiar municipal ordinance simply declaring that "disorderly conduct" is an offense against the municipality. Such being the case, the evidence did not authorize a conviction. However reprehensible the shooting of slingshots in towns and cities may be, the mere shooting of a slingshot is not disorderly conduct, unless the act tends to create disorder or disturb the public peace and tranquility. The testimony relied on for a conviction in this case was very unsatisfactory; but even conceding that it showed that the accused shot a slingshot and hit a church, it was not shown that the church was occupied at the time by a congregation engaged in divine worship, or that the act was attended with anything likely to create any public disturbance. We conclude, therefore, that the petition made out a prima facie case for a reversal of the judgment of the mayor and council, on the ground that that judgment was unsupported by evidence.

2. As to the point that the Mayor and Council of Blackshear have no authority to impose a sentence of labor upon the public streets of the town, without giving the person convicted an opportunity to discharge the same by the payment of a fine, we are of opinion that they have such authority under the act of September 15, 1881, reincorporating the town of Blackshear. See Acts of

1880 – 81, p. 452. Section IX of that act confers upon the mayor and council power "to prescribe, impose, and enact reasonable fines, penalties, and imprisonments in the county jail of the county, or such other place as the corporate authorities may provide;" and also that "it shall be lawful, for the purpose of enforcing said ordinances of said town, in lieu of fine or imprisonment, said penalty may be to work on the streets, not to exceed twenty days at any one time, for one penalty." We think it clear from this act that, even if it does not confer upon the mayor and council authority to imprison in the county jail without first having given the person convicted an opportunity to pay a fine, power is given to impose a sentence of not exceeding twenty days work on the public streets of the town, without the imposition of the alternative penalty of a fine. It is contended, however, that the mayor and council could have no such authority, in view of the provisions of Political Code, § 712. That section is as follows: "All police courts of this State, having authority to try offenses against the laws of the cities, towns, and villages in which such courts are located, shall have power and authority to impose fines upon persons convicted of said offenses, with the alternative of other punishment allowed by law, in case said fines are not paid." This section merely provides that the police courts of the State shall have power to impose fines upon persons convicted in those courts, and provide, in the sentence imposed in a given case, that if the fine is not paid some other punishment allowed by law shall be imposed. In other words, the section simply means that the police courts of the State shall have authority to impose alternative sentences, and not that they shall be required to do so. There is nothing in this section which would prohibit those courts from imposing as a sentence in a given case a fine alone, or any other form of punishment alone which is prescribed by law. In *Papworth* v. *Fitzgerald,* 106 *Ga.* 378, 382, the court held simply that the municipal court of Fitzgerald had no authority, under a given section of the charter of that city, to impose a sentence consisting of both a fine and a term of imprisonment. The section of the code quoted above is referred to in the opinion, with the simple statement that had the sentence been imposed under its provisions a different question would have arisen.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*