## MAYO *v.* WILLIAMS.    MAYO *v.* RENDER.

1. Where the penal laws of this State provide for the punishment of an offense which is punishable. also by ordinance of a municipality, the State law supersedes the city ordinance, and one convicted of a violation of such ordinance, and against whom a charge is pending for a violation of the State law, will be discharged on habeas-corpus proceedings brought against the chief of police of the municipality, who restrains the person so convicted of his liberty, upon such facts being made to appear.    In such case it is not error to remand the applicant for habeas corpus to the custody of the chief of police, to be by him turned over to the sheriff of the county, to be dealt with for the State offense.

(*a*) Where in such·a case the defendant in· the recorder's court is convicted of the same offense as covered by the State law, such conviction is void, and the defendant will be discharged on habeas corpus.

2. The court did not err in discharging the applicant and remanding him ·to the custody of the sheriff of the county.

APRIL 10, 1917.

Habeas corpus.    Before Judge Hill.    Fulton superior court. June 22, July 3, ¯1916.

*J. L. Mayson* and *S. D. Hewlett,* for plaintiff in error.

*C. M. Yeales,* contra.

HILL, J.    Pearl Render and Daisy Williams each applied for a writ of habeas corpus against W. M. Mayo, chief of police of the City of Atlanta, based on petitions alleging that Mayo as chief of police was illegally restraining their liberty by reason of convictions,. in the recorder's court, of keeping for sale certain liquors in violation of section 1489 of the City Code of Atlanta.    As both of these cases are substantially the same in their facts, they will be treated together.    The respondent Mayo made answer, admitting the detention of the applicants, but denying that the same was illegal; further averring that the defense now insisted upon,·

namely, that the municipal ordinance under which the applicants were convicted was substantially the same as the State law on the same subject, was waived by applicants' failure to set up such defense in the recorder's court, and that consequently they could not set up such defense in the habeas-corpus proceeding; and further contending that the State law did not cover the offense undertaken to be covered by the municipal ordinance in question. On considering the petition for habeas corpus and the answer of the respondent, the trial judge discharged from custody the applicants under the sentence imposed by the recorder for the violation of the city ordinance, and further ordered that the chief of police deliver the applicants to the sheriff of the county, to be dealt with under the State law. To this judgment of the court the respondent excepted.

Section 1489 of the City Code of Atlanta of 1910, for the violation of which the applicants were tried, convicted, and sentenced by the recorder, is as follows: "Keeping on hand for unlawful sale. Any person, firm, or corporation who shall keep for unlawful sale in any storehouse, room, office, cellar, stand, booth, stall, or other place, or shall have contained for unlawful sale in any barrel, keg, can, demijohn, or other package, any spirituous, fermented, or malt liquors for such sale, shall on conviction be punished by fine not exceeding two hundred dollars, or imprisonment not exceeding thirty days, or, in the discretion of the recorder, such offenders may be punished by a fine not exceding two hundred dollars and imprisonment not exceeding thirty days, or by fine not exceeding two hundred dollars and labor on the public works for not exceeding thirty days." Since the adoption of the City Code of Atlanta in 1910, containing section 1489, the General Assembly of Georgia, in extraordinary session, passed an act (Acts 1915, p. 80, sec. 2, approved November 17, 1915) which was more sweeping in the changes made in the prohibition law than was the act of 1907 (Acts 1907, p. 83). By the act of 1915 it is provided: "That it shall be unlawful for any person, firm, association of persons, or corporation, within the limits of this State to manufacture, sell, offer for sale, keep for sale, barter, furnish at public places, keep on hand at a place of business or at or in any social, fraternal, or locker club, or otherwise dispose of any of the prohibited liquors and beverages described in section 1 of this act,

or any of them, in any quantity,". etc.   By a comparison of the
city ordinance with the act of 1915 it will be seen that both pro-
hibit the keeping for sale the liquors enumerated, the only differ-
ence in the language with reference to the keeping for sale being
that in the ordinance the language used is "keep for unlawful
sale," whereas in the State law the language is "keep for sale."
We can not see that the use of the word "unlawful" in the one case
makes any material difference; for since the act of 1915 it is un-
lawful to keep liquor anywhere for sale in this State.   The offense
covered by the city ordinance is therefore covered by the State
law as contained in the act of 1915.   The city ordinance was
adopted prior to the passage of the act of 1915.   Each aims at the
prevention of the keeping for sale and the punishment of those who
keep for sale intoxicating liquors, etc.   The act of 1915 covers the
same offense as the ordinance of the city as contained in section
1489 of the city code, and supersedes the ordinance.   The lan-
guage of the two is almost identical.   Where the sale of liquors
has been theretofore prohibited by State laws, it has been usual
for municipalities to adopt ordinances prohibiting the keeping for
sale of such liquors, and providing a penalty for their violation;
and such ordinances have been upheld by this court.   But the
General Assembly of 1915 took another step towards preventing
the sale, by including both the sale and the keeping for sale of in-
toxicating liquors, etc., thus invading the territory hitherto oc-
cupied by the municipalities; and the State having the superior
authority to legislate on the subject, the ordinance of the munici-
pality must yield to the State law; and where both the ordinance
and the State law exist, covering the same act and same offense,
the offender can not .be put in jeopardy twice for the same offense
under the ordinance and under the State law.   In such case he
could only be punished for a violation of the State law.

   But it is insisted that the applicants for habeas corpus failed
to set up the State law covering the same transaction, as a defense
on their trial in the recorder's court, and that therefore they will
be considered as having waived that right on' the trial of the habeas-
corpus proceeding in the superior court.   We do not agree with
this contention.   If on the habeas-corpus proceeding in the supe-
rior court it developed that the ordinance was void, a conviction
thereunder would also be void, and the applicant would be entitled

to a discharge. The trial court did not err in granting the order to which exception is taken.

> *Judgment affirmed. All the Justices concur.*