## BARLOW *v.* MAYOR AND CITY COUNCIL OF AMERICUS.

1. A municipal ordinance which penalized "keeping for sale intoxicating liquors within the limits of the City of Americus" was rendered void by the provisions of the general law approved November 17, 1915 (Georgia Laws, 1915, Extraordinary Session, p. 77), entitled "An act to make clearer and more certain the laws of Georgia heretofore enacted for prohibiting the manufacture of alcoholic, spirituous, vinous, and intoxicating liquors and beverages, traffic therein, and the keeping on hand thereof in public places or for illegal sale," etc.

2. The municipal ordinance referred to was superseded by the provisions of sec. 2 of the act of the General Assembly above referred to.

3. "The jurisdiction of a municipality of this State to punish for the offense of keeping for sale under the municipal ordinance referred to was extinguished by the act of the legislature designated above."

MAY 16, 1917.

Questions certified by Court of Appeals (Case No. 7707).

*C. R. Winchester* and *J. B. Hudson,* for plaintiff in error.

*E. A. Nisbet,* contra.

BECK, J. The Court of Appeals propounded the following questions:

"1. Was an existing municipal ordinance which penalized 'keeping for sale intoxicating liquors within the corporate limits of the City of Americus' rendered void and non-enforceable by the passage of the general law entitled, 'An act to further mitigate the evils of intemperance and to make more effective the laws touching the sale and keeping on hand of certain prohibited liquors and beverages,' etc., approved November 18, 1915 (Georgia Laws, 1915, Extraordinary Session, p. 90), or by the provisions of the general law approved November 17, 1915 (Id. p. 77), entitled 'An act to make clearer and more certain the laws of Georgia heretofore enacted for prohibiting the manufacture of alcoholic, spirituous, vinous, and intoxicating liquors and beverages, traffic therein, and the keeping on hand thereof in public places or for illegal sale,' etc.?

"2. Did any of the provisions of either of the said acts of 1915 supersede valid municipal ordinances which penalized keeping on hand for the purpose of sale intoxicating liquors within a municipality?

"3. If any provisions of the said general laws cover the offense of keeping for sale intoxicating liquors within the limits of a municipality elsewhere than at a place of business, is the jurisdiction of a municipality of this State to punish for such an offense under a municipal ordinance extinguished by the general law? Or may both the State and municipalities having ordinances prohibiting the keeping of liquor for sale punish for such keeping? And would conviction and punishment in either a State court or a municipal court for keeping intoxicating liquors for the purpose of sale be a bar to a conviction in the other of said courts for such keeping?"

The foregoing questions are answered in the headnotes. The principle upon which the rulings there made is based is set forth and discussed in the case of *Mayo* v. *Williams,* 146 *Ga.* 650 (92 S. E. 59). *All the Justices concur.*