## SNIPE *v.* DIXON, jailer. (two cases).

The municipal authorities of the City of Savannah could not enact a
valid ordinance prohibiting concealing or attempting to conceal cer-
tain prohibited liquors for the purpose of illegal sale, as the act it was
sought to make penal fell under a penal statute of the State already
in force.

Nos. 136, 137. AUGUST 31, 1917. REHEARING DENIED SEPTEMBER 17, 1917.

Habeas corpus. Before Judge Summerall. Chatham superior
court. January 5, 1917.

*Shelby Myrick,* for plaintiffs.

*R. J. Travis* and *D. S. Atkinson,* for defendant.

BECK, J. The same controlling question is made by the assign-
ments of error in each of these two cases. The applicants for
habeas corpus were convicted, in the police court of the City of
Savannah, of a violation of an ordinance which provides that "Any
person who conceals or attempts to conceal any prohibited liquors
and beverages for the purpose of sale, within the jurisdictional
limits of the City of Savannah, shall be punished," etc. The ap-
plicants were sentenced, after conviction, to imprisonment in the
common jail of Chatham County for a stated period. They allege
that they are illegally restrained of their liberty under this sen-
tence. Upon considering the return of the writ by the sheriff and
the evidence offered at the hearing, the court dismissed the appli-
cations and remanded the applicants to custody. To this judg-
ment they excepted. Among other contentions made by them is
one based upon the ground that the ordinance under which they
were convicted seeks to make penal an act which had already been
made a criminal offense under a statute of this State. If this con-
tention is true, then, under repeated rulings of this court, the ordi-
nance in question is invalid, and the applicants should have been
discharged from custody. Under a statute of this State, in force
at the time of the passage of the municipal ordinance in question,
it was punishable "to keep for sale" the liquors referred to in the
ordinance. The ordinance varies from the statute in the particu-
lar that it denounces a penalty against a person who "conceals or
attempts to conceal . . for the purpose of sale" any of the pro-
hibited liquors. It is manifest that one can not conceal or at-
tempt to conceal for the purpose of sale any of the prohibited
liquors without also having or keeping the same for sale; and the

case for review narrows itself to the single question as to whether concealing the liquors or attempting to conceal them introduces a new and material element which can be made the subject of a criminal statute. We think not. If one keeps on hand for sale the prohibited liquor, whether it is kept concealed or openly, the statute of the State is infringed. Could the municipality select a case of the illegal keeping, where it is concealed, and say this is criminal, but leave the illegal keeping where not concealed to be dealt with under the statute? A municipal ordinance dealing with a subject already dealt with by a criminal statute of the State, in order to make a new and different criminal offense, must not only introduce a new ingredient, but that new ingredient must be "an ingredient or concomitant essential to the preservation of the city's peace, health, or good order, which is not included in the act or acts made criminal by the State law." And the mere provision relative to the concealing or attempt to conceal the liquors, except for illegal sale, does not import into the ordinance such an essential ingredient or concomitant which is lacking in the State law. If it did, and the State should pass a law making it punishable to conceal or attempt to conceal intoxicating liquors for the purpose of sale, the municipality might then again import a new ingredient into that statute and enact it into a municipal ordinance against concealing in some particular designated manner or way. We do not overlook the fact that in certain offenses the concealing of the thing may constitute the very gist of the offense; as, for instance, the concealing of the birth of illegitimate children, or the concealing of the existence in a dwelling in a city of some contagious disease. But we do not believe that concealing can be made an essential ingredient of the act of keeping on hand for sale prohibited liquors. The subject of keeping for sale the liquors referred to, whether concealing or not concealing them, is covered by the State statute, and the ordinance is invalid. *Mayo* v. *Williams,* 146 *Ga.* 650 (92 S. E. 59).

*Judgment reversed. All the Justices concur.*