LANFORD, superintendent, *v.* ALFRIEND.

HILL, J. 1. A municipal ordinance punishing an act made penal by a State law in existence or subsequently enacted, covering the same subject-matter, must yield to the State law. *Mayo* v. *Williams*, 146 *Ga.* 650 (92 S. E. 59) ; *Snipe* v. *Dixon*, 147 *Ga.* 285 (93 S. E. 399).

2. An ordinance of the City of Atlanta declares that it shall be unlawful for any person within that city to have and carry about on his or her person, or in any vehicle or carriage in his or her control, any spirituous, vinous, or malt liquors whatsoever, for the purpose of unlawful sale or barter; and that any person so doing shall be deemed guilty of an offense known as "a traveling blind tiger," and be punished as provided. There being, at the time of the commission of the alleged violation of the ordinance, a State law covering the same subject-matter as that referred to in the ordinance, the superior court did not err in sustaining the writ of habeas corpus, in discharging the prisoner from the custody of the respondent, and in remanding her to the sheriff to be held under the order of commitment of the recorder's court of the city. See Acts 1915 Ex. Sess. p. 77, Acts 1917 Ex. Sess. p. 7.

3. Section 4 of the act of the legislature of 1916 (Ga. L. 1916, p. 544), amending the charter of the City of Atlanta, providing that the mayor and council of the City of Atlanta shall have authority to pass the ordinance involved in the present case, is a special law applying alone to that city, and attempts to make punishable an act already made penal by a general law of the State (act of 1915, supra), and is therefore invalid.

4. It is competent for the legislature to pass general laws conferring on all municipalities the power to pass ordinances similar to general State

laws (*Littlejohn* v. *Stells*, 123 *Ga.* 427, 51 S. E. 390), but this can not be done by a special law which in itself is repugnant to the provision of the constitution (art. 1, sec. 4, par. 1) forbidding the passage of a special law in any case for which provision has been made by an existing general law.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 631. APRIL 11, 1918.

Habeas corpus. Before Judge Hill. Fulton superior court. September 6, 1917.

*J. L. Mayson* and *S. D. Hewlett,* for plaintiff in error.

*Thomas B. Brown,* contra.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*