### SMITH *v.* CHAPMAN, marshal.

An ordinance imposing a penalty on any one having in possession, custody, or control, within the corporate limits of the City of Cochran, any intoxicating beverage for the purpose of offering it for sale, is void by reason of the existing State law covering the subject; and a person convicted under that ordinance was entitled to discharge from custody.

No. 6247. MAY 19, 1928.

Certiorari. Before Judge Graham. Bleckley superior court. August 27, 1927.

*H. E. Coates,* for plaintiff. *L. A. Whipple,* for defendant.

BECK, P. J. Plaintiff in error was tried and convicted before the mayor of the City of Cochran, upon an accusation charging him with the violation of an ordinance of the city; which ordinance is in the following language: "It shall be unlawful for any person, firm, or corporation to have in possession, custody, or control, within the corporate limits of the City of Cochran, any quantity of intoxicating beverage or beverages, for the purpose of offering same for sale." From the judgment of the mayor finding the plaintiff in

error guilty an appeal to the council of the city was taken, and upon the hearing the judgment of the mayor was sustained; whereupon the appellant filed his petition to the ordinary of Bleckley County for a writ of habeas corpus; and upon the hearing of that proceeding the ordinary ordered the discharge of the accused. The marshal of the city, respondent in the habeas-corpus proceeding, filed his petition for certiorari to the superior court; and upon the hearing thereof the certiorari was sustained and a judgment rendered remanding the case to the court of ordinary for another trial. To this ruling the plaintiff in error excepted.

The trial judge erred in sustaining the petition for certiorari. The ordinance for a violation of which the defendant was convicted before the mayor and council is void. "A municipal ordinance which penalized 'keeping for sale intoxicating liquors within the limits of the City of Americus,' was rendered void by the provisions of the general law approved November 17, 1915 (Georgia Laws, 1915, Extraordinary Session, p. 77), entitled 'An act to make clearer and more certain the laws of Georgia heretofore enacted for prohibiting the manufacture of alchoholic, spirituous, vinous, and intoxicating liquors and beverages, traffic therein, and the keeping on hand thereof in public places or for illegal sale,' etc." *Barlow* v. *Americus,* 146 *Ga.* 805 (92 S. E. 643). See also *Lanford* v. *Alfriend,* 147 *Ga.* 799 (95 S. E. 688), where it was held: "A municipal ordinance punishing an act made penal by a State law in existence or subsequently enacted, covering the same subject-matter, must yield to the State law. *Mayo* v. *Williams,* 146 *Ga.* 650 (92 S. E. 59); *Snipe* v. *Dixon,* 147 *Ga.* 285 (93 S. E. 399)." The decisions in these cases render unnecessary any discussion of the question involved.

*Judgment reversed. All the Justices concur.*