## MARSHALL *v.* CITY OF GRIFFIN *et al.*

No. 8642. NOVEMBER 12, 1931.

*Darsey & Darsey,* for plaintiff.

*J. O. Futral, A. K. Maddox,* and *D. R. Cumming,* for defendant.

GILBERT, J. The exception is to a judgment rendered by the judge of the superior court refusing to sanction a petition for certiorari in a case from the court of ordinary acting as a habeas-corpus court. The error assigned in the petition for certiorari is, that the habeas-corpus court erred in refusing to discharge the petitioner, because petitioner was held on a sentence imposed by the municipal court after a conviction based upon a·void ordinance. The ordinance is as follows: "Section 505. Disorderly conduct defined, prohibited, and penalized. The following things and acts and conduct, within the City of Griffin, are hereby declared and shall be held and deemed to constitute disorderly conduct. Paragraph 6. To have in one's place of business, or auto, or other conveyance, or about one's person, any liquor, wine, beer, or beverage, the possession of which is forbidden by law. Any person found guilty of violating this act shall be punished as for an offense against the City of Griffin." The petitioner insists that the offense included in the foregoing ordinance is covered by a State law (Ga. Laws Ex. Sess. 1917, at p. 8, sec. 1), as follows: "It shall be unlawful for any corporation, firm, person, or individual . . to have, control, or possess, in this State, any . . liquors or beverages, whether intended for personal use or otherwise, save as hereinafter excepted." In section 18 of said act, section 2 of the act approved Nov. 17, 1915 (Ga. Laws Ex. Sess. 1915, p. 80), is expressly repealed in so far as it provides as follows: "But this inhibition does not include and nothing in this act shall affect the social serving of such liquors and beverages in private residences in ordinary social intercourse."

The judge of the superior court rendered an opinion as follows: "The State by legislative enactment has prohibited and

penalized the possession, custody, and control of intoxicating liquors, wines and beers by any person anywhere and in any quantity. The ordinance under review does not prohibit, or seek to punish, the act of having these liquors and beverages in possession, but makes the fact of their possession in certain places and under certain circumstances disorderly conduct. The legislature of the State and the legislative authority of the city are therefore dealing with different subjects, and are seeking to define different offenses; and the ordinance of the city, in my opinion, is not void for the reasons assigned by the petitioner in the habeas-corpus proceeding or in this petition." The decision turns on whether the ordinance and the act of the General Assembly undertakes to penalize the same act, that is, possessing or keeping on hand prohibited liquors. According to the record, the charge made against petitioner in the recorder's court of Griffin was that "he did unlawfully have liquor or other intoxicating beverage in his possession," and this offense was denominated as "disorderly conduct." Under the State law an accusation charging a violation of the law by "unlawfully having liquor or intoxicating beverages in his possession" would be denominated a "misdemeanor." It is well settled that the character of an offense is determined by the allegations of fact in the accusation or indictment, and not by the name under which it is denominated. According to that rule, the ordinance undertakes to cover one of the offenses included in the statute of the General Assembly cited. Under the decision of this court in *Smith* v. *Chapman,* 166 *Ga.* 479 (142 S. E. 422), and cit., the court erred in refusing to sanction the petition for certiorari.

*Judgment reversed. All the Justices concur.*