JENKINS, Chief of Police, etc. *v.* JONES.

No. 18150. ARGUED MARCH 10, 1953—DECIDED APRIL 13, 1953— REHEARING DENIED MAY 13, 1953.

J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin and Henry L. Bowden, for plaintiff in error.

G. Fred Kelley, Frank Grizzard, Frank A. Bowers, Paul Webb, Solicitor-General, and Norman H. Fudge, contra.

ALMAND, Justice. ■ Code § 68-307, which makes it a misdemeanor to operate a motor vehicle on the streets and highways of Georgia while under the influence of intoxicating liquors or drugs, has been a law of general operation since 1910. Ga. L. 1910, pp. 90, 93; Id. 1927, pp. 226, 238; 1947, p. 230. The municipal ordinance here under consideration deals with the same subject matter, viz., operating a motor vehicle on the highways or streets in the City of Atlanta while under the influence of intoxicating liquors or drugs, and does not introduce any ingredient or concomitant essential to the preservation of the city's peace, health, or good order which is not included in Code § 68-307. Where a municipal ordinance and a public criminal statute operate upon the same state of physical acts, the ordinance is invalid unless the offense created thereby contains some

characterizing ingredient not contained in the State offense. *Aycock* v. *Town of Rutledge,* 104 *Ga.* 533 (1) (30 S. E. 815); *Papworth* v. *City of Fitzgerald,* 106 *Ga.* 378 (32 S. E. 363). A municipal ordinance punishing an act made penal by a State law then existing, covering the same subject matter, must yield to the State law. *Lanford* v. *Alfriend,* 147 *Ga.* 799 (1) (95 S. E. 688). "Where both the ordinance and the State law exist, covering the same act and same offense, the offender can not be put in jeopardy twice for the same offense under the ordinance and under the State law. In such case he could only be punished for a violation of the State law." *Mayo* v. *Williams,* 146 *Ga.* 650, 652 (92 S. E. 59).

The respondent contends that the power of the City of Atlanta to enact the ordinance here involved is specifically authorized by Code § 68-312, a general law, and that, under the rulings of this court in *Hood* v. *Von Glahn,* 88 *Ga.* 405 (1) (14 S. E. 564), *Littlejohn* v. *Stells,* 123 *Ga.* 427 (1) (51 S. E. 390), and *Lanford* v. *Alfriend,* 147 *Ga.* 799 (supra), the city, by virtue of Code § 68-312, had authority to enact this ordinance, though the identical offense is penalized under a general law of this State. The cases cited in substance hold that the General Assembly may by express enactment authorize a municipality to provide by ordinance for the punishment of an act which in its nature affects the health, peace, and good order of the community, notwithstanding such an act has already been made penal under a general law of the State. Whether these rulings are sound, or in conflict with other decisions of this court—such as *Aycock* v. *Town of Rutledge, Papworth* v. *Fitzgerald,* and *Mayo* v. *Williams,* all supra, and *Mayor &c. of Savannah* v. *Hussey,* 21 *Ga.* 80 (68 Am. D. 452), *Snipe* v. *Dixon,* 147 *Ga.* 285 (93 S. E. 399), *Smith* v. *Chapman,* 166 *Ga.* 479 (143 S. E. 422), and *Marshall* v. *City of Griffin,* 173 *Ga.* 782 (161 S. E. 622), which hold that a municipal corporation has no power to enact an ordinance providing for the punishment of an offense made penal by the laws of the State—need not be passed upon in this case, for the reason that Code § 68-312 does not grant express authority to enact the ordinance under review; and even if it be conceded that the rulings in the cases relied upon are correct, the respondent can derive no benefit from these deci-

sions. Code § 68-312 is a codification of section 19 of the act of 1927 (Ga. L. 1927, pp. 226, 240). Section 68-307, which penalizes operating a motor vehicle while under the influence of liquors or drugs, is a codification of section 13 of the same act. The first part of § 68-312 purports in general terms to grant authority to a municipality to regulate the running and operation of motor vehicles therein, and then, as a part of the same sentence, states that nothing in these motor vehicle statutes shall prevent a municipality from regulating, by reasonable ordinance, speed, cut-outs, and headlights, or requiring owners of motor vehicles to register the numbers of the State licenses with designated city officers. There is no reference in this section to operating motor vehicles while under the influence of liquors or drugs, nor is any authority therein granted to make penal the running and operation of a motor vehicle also made penal by a State statute. *Ejusdem generis* is a rule of construction to ascertain and give effect to legislative intent. Where general words are followed by a description of specified subjects, the meaning of the general words ordinarily will be presumed to be limited to the enumerated special subjects, and to include only those things of the same nature as those specially enumerated, unless a clear manifestation of a contrary intent appears from the statute. *Beavers* v. *LeSueur*, 188 *Ga.* 393, 403 (3 S. E. 2d, 667); *Gilmore* v. *Gilmore,* 201 *Ga.* 770, 777 (41 S. E. 2d, 229); 14 Words & Phrases (Perm. ed.), 197, 212. In our opinion, it was not the intent of the General Assembly to confer upon the municipalities of this State the authority to enact ordinances making it a penal offense to operate a motor vehicle on the streets of the municipalities while under the influence of liquors or drugs, there being a general law of force in the State making such operation a penal offense. If a municipality, under the general terms of Code § 68-312, has authority to enact the ordinance in question, then, under a general law authorizing it to enact ordinances concerning the misappropriation of personal property, illicit relations between the sexes, and injury to property, a municipality could enact penal ordinances as to simple larceny, fornication and adultery, or assault and battery and malicious mischief, all of which are misdemeanor offenses under the general laws of the State. Surely, the General Assembly

did not intend to authorize the City of Atlanta to enact an ordinance that would lead to unjust and unequal enforcement of the law. With both a State statute and a municipal ordinance making driving a motor vehicle on a public road while intoxicated a penal offense, A, while driving a motor vehicle within the limits of the City of Atlanta, could be arrested by an officer, tried before the city recorder without a jury, and be fined a sum not exceeding $500 and sentenced to work on the streets or public works of the city for not exceeding sixty days. If A had been arrested by the officer while driving outside the city limits, in Fulton County, he could be charged with violating the State statute and tried before a court having jurisdiction to try the State offense, with the right of trial by a jury, and upon his conviction, be subject to punishment by a sentence to twelve months on the public works, six months imprisonment in jail, and a fine not exceeding $1000. Code, § 27-2506. Clearly, the General Assembly did not intend such an incongruous result from the enactment of what is now § 68-312 of the Code. The amount of punishment for a violation of the criminal law should not depend upon the place where the law was violated. Where A and B are charged with the same criminal offense, but A, because of the place of his arrest, is subject to a greater punishment than B, this result does not conform to the principle of equal justice under the law.

In *Moran* v. *City of Atlanta,* 102 *Ga.* 840 (30 S. E. 298), the defendant was charged with selling liquor without a license, in violation of a city ordinance. At that time there was a State statute in force making the selling of liquor without a license a misdemeanor. Though the legislature had granted authority to regulate the sale of ardent spirits within the corporate limits of the city, and in its discretion to issue a license or withhold the same, this court held that such provision in the charter did not expressly confer upon the corporate authorities the power to enact an ordinance prohibiting and making penal the retailing of spirituous liquors without a license. It was there said: "The power to legislate concerning an offense which is fully covered by the penal laws of the State does not exist in a municipal corporation, unless it has a clear and well defined grant of such authority from the legislature." P. 844.

■ Counsel for the respondent, however, contend that the words, "laws of a general nature," used in the uniformity clause of the Constitution refer to State statutes, and that a municipal ordinance is not a special law within the meaning of said clause of the Constitution. In support of this contention, they cite such cases as *Thompson* v. *City of Atlanta*, 176 *Ga.* 489 (168 S. E. 312), and *Maner* v. *Dykes*, 183 *Ga.* 118 (187 S. E. 699). These cases simply rule that a municipal ordinance is not a "State statute" within the meaning of art. 6, sec. 2, par. 5 of the Constitution of 1877 as amended (sec. 2, par. 4 of the same article of the Constitution of 1945, Code, Ann., § 2-3704), which paragraph confers exclusive jurisdiction on this court to review cases in which the constitutionality of "any law of the State of Georgia or of the United States is drawn in question," and these cases hold that a municipal ordinance is not a law or statute of the State, and that consequently the Court of Appeals has jurisdiction to review cases involving the constitutionality of municipal ordinances. Municipal ordinances, though laws of a municipality, are the result of legislative action of a corporate body created by the General Assembly of the State. Under art. 1, sec. 4, par. 2 of the Constitution (Code, Ann., § 2-402), it is the duty of the courts to declare invalid all legislative acts which violate the Constitution, and this court has repeatedly held invalid municipal ordinances which deal with matters covered by the general law. *Barlow* v. *City of Americus*, 146 *Ga.* 805 (92 S. E. 643); *Snipe* v. *Dixon*, 147 *Ga.* 285 (supra); *Marshall* v. *City of Griffin*, 173 *Ga.* 782 (supra). See also *Carey* v. *City of Atlanta*, 143 *Ga.* 192 (84 S. E. 456, L. R. A. 1915D 684, Ann. Cas. 1916E 1151); *Chaires* v. *City of Atlanta*, 164 *Ga.* 755 (139 S. E. 559, 55 A. L. R. 230). Generally, a municipal ordinance passed in pursuance of express legislative authority is a law within the meaning of the Constitution, and has the same effect as a local law duly enacted by the State legislature. Herman *v.* City of Baltimore, 189 Md. 191 (55 Atl. 2d, 491, 173 A. L. R. 1310). The authority of the creature is not greater than the authority of the creator. If the General Assembly cannot enact a special law as to matters covered by a general law, it follows that a municipal ordinance which deals with matters covered by a general law is a special law within the

meaning of the uniformity clause of the Constitution.  *Giles* v. *Gibson,* 208 *Ga.* 850 (69 S. E. 2d, 774), and citations.

The ordinance under an attack in this case is violative of art. 1, sec. 4, par. 1 of the Constitution of Georgia (Code, Ann., § 2-401).  The detention of the prisoner by the respondent, being by virtue of a void ordinance, was illegal, and the trial judge properly made the writ of habeas corpus absolute and discharged the petitioner from the custody of the respondent.

*Judgment affirmed.  All the Justices concur, except Candler, J., who dissents, and Atkinson, P. J., not participating.*

CANDLER, Justice, dissenting.  With due regard for the contrary view of my colleagues, I cannot agree to the judgment of affirmance.  Mr. Presiding Justice Atkinson and I dissented from the ruling in *Giles* v. *Gibson,* 208 *Ga.* 850 (69 S. E. 2d, 774), which is cited and strongly relied upon by the defendant in error in this case; and *City of Atlanta* v. *Hudgins,* 193 *Ga.* 618 (19 S. E. 2d, 508), upon which the defendant in error also relies, is not in point on the question here involved.  It deals with our constitutional provision which prohibits the passage of a special law affecting the uniform operation of a general law.  In 1927 the legislature passed an act amending the "Georgia Motor-Vehicle Law" (Ga. L. 1927, p. 226), which in part provides: "No person shall operate a motor vehicle or motorcycle upon any public street or highway, whether as owner or operator of such vehicle, if under 16 years of age, or while under the influence of intoxicating liquors or drugs." Code, § 68-307.  During January, 1953, the City of Atlanta, a municipal corporation, adopted an ordinance which provides: "No person shall operate a motor vehicle of any kind upon any public street or alley in the City of Atlanta while under the influence of intoxicating liquors or drugs."  The legislature's amending act of 1927 also provides (p. 240): "That nothing contained in this act shall be construed as changing or interfering with any regulation or ordinance which has heretofore or may hereafter be adopted by any municipality of this State, regulating the running or operation of motor-vehicles described in this Act; and provided further, that nothing in this Act shall prevent cities and towns from regulating, by reasonable ordinance, the rate of speed except as provided hereinafter, noisy cut-outs, and glaring headlights within

said cities and towns." This section, however, has been codified to read as follows: "Nothing contained in this law shall be construed as changing or interfering with any regulation or ordinance which has heretofore been or may hereafter be adopted by any municipality, regulating the running or operation of motor vehicles described in this law; and nothing in this law shall prevent cities and towns from regulating, by reasonable ordinance, the rate of speed except as provided hereinafter, noisy cut-outs, and glaring headlights within said cities and towns." Code, § 68-312. The question posed by the record is the validity of the city's ordinance. Jones contends that the ordinance prohibits and punishes an act which is dealt with and fully covered by an existing penal statute of State-wide operation, and that it is invalid for that reason. Jenkins contends that the City of Atlanta, a municipal corporation, was expressly authorized to adopt the ordinance by the legislature's act of 1927, and that it is valid for that reason, though fully covered by a penal statute of State-wide operation. Jenkins' position has support in several prior decisions of this court, which should be followed as controlling authority. They begin with *Hood* v. *Von Glahn*, 88 *Ga.* 405 (14 S. E. 564), where it was held by a full bench that the legislature could constitutionally authorize a municipal corporation to punish, as an offense against the municipality, an act punishable under an existing general law as an offense against the State. The opinion was prepared for the court and agreed to by Mr. Justice Simmons. The ruling made in the *Von Glahn* case was subsequently followed in *Littlejohn* v. *Stells*, 123 *Ga.* 427 (51 S. E. 390), with all the justices concurring except Mr. Chief Justice Simmons who was absent. Littlejohn's case cited Von Glahn's case as authority for its holding and by headnote said: "The General Assembly may, by express enactment, authorize the corporate authorities of municipalities to provide by ordinance for the punishment of an act which in its nature affects the health, peace and good order of the community, notwithstanding that such an act has already been made penal under the general law of the State." This case also holds, citing Von Glahn's case as authority therefor, that, prior to the adoption of the Constitution of 1877, such power could be conferred by the legislature upon municipalities either by general or spe-

cial law, but the ruling in *Aycock* v. *Town of Rutledge*, 104 *Ga.* 533 (30 S. E. 815), was cited as authority for a holding that, since the adoption of the Constitution of 1877, such power could be conferred only by a general law. In *Lanford* v. *Alfriend*, 147 *Ga.* 799 (95 S. E. 688), this question arose again and it was there held: "It is competent for the legislature to pass general laws conferring on all municipalities the power to pass ordinances similar to general State laws (*Littlejohn* v. *Stells*, 123 *Ga.* 427, 51 S. E. 390), but this cannot be done by a special law which in itself is repugnant to the provisions of the Constitution (art. 1, sec. 4, par. 1) forbidding the passage of a special law in any case for which provision has been made by an existing general law." All of the Justices agreed to the decision except Mr. Chief Justice Fish who was absent, but he had concurred in *Littlejohn* v. *Stells*. The rule respecting this question, laid down in Dillon on Municipal Corporations (vol. 1, 4 ed., § 368), is as follows: "Where the act is, in its nature, one which constitutes two offenses, one against the State and one against the municipal government, the latter may be constitutionally authorized to punish it, though it be also an offense under the State law; but the legislative intention that this may be done ought to be manifest and unmistakable, or the power in the corporation should be held not to exist." And in the *Von Glahn* case, supra, Dillon's rule was expressly approved by this court as being a correct statement of the law. In the Georgia cases relied upon by the defendant in error as being opposed to the position taken by Jenkins, it will be found that the ordinances involved were not shown to have been authorized by any express legislative grant. See, as cited by counsel, *Mayor &c. of Savannah* v. *Hussey*, 21 *Ga.* 80 (68 Am. D. 452); *Penniston* v. *City of Newnan*, 117 *Ga.* 700 (45 S. E. 65); *Mayo* v. *Williams*, 146 *Ga.* 650 (92 S. E. 59); *Barlow* v. *Mayor &c. of Americus*, 146 *Ga.* 805 (92 S. E. 643); *Snipe* v. *Dixon*, 147 *Ga.* 285 (93 S. E. 399); *Smith* v. *Chapman*, 166 *Ga.* 479 (143 S. E. 422); *Marshall* v. *City of Griffin*, 173 *Ga.* 782 (161 S. E. 622). In the first of these cases (*Mayor* v. *Hussey*), it was held by a majority of the court, Benning, J., dissenting, that a general power to pass such ordinances "as shall appear to them requisite and necessary for the security, welfare and convenience of the city; and for preserving health, peace

and good government within the same," did not authorize the municipal authorities to legislate as to an offense covered by the State law. But respecting legislative power to authorize the municipal authorities to pass such an ordinance, Benning, J., in the same case, says: "I forbear to go into the question whether the legislature had not the *power* to authorize the mayor and aldermen to make such an ordinance as the one in question, because I do not know that either of the other members of the court denies to the legislature the power. I assume that the legislature had the power."

As opposed to Jenkins' contention, it is argued by counsel for Jones that the ordinance offends article 1, section 1, paragraph 8 of the Constitution of 1945 (Code, Ann., § 2-108), which inhibits double jeopardy for the same offense. To this I also disagree. Where the same act constitutes a crime against a municipality and against the State, it is ordinarily held, in the absence of a statute to the contrary, that a conviction or an acquittal of either is no bar to a conviction of the other. 22 C. J. S. 449, § 296-b. Hence, the same act may constitute an offense both against a general penal statute of the State and against an ordinance of a municipal corporation, and both may punish for it without violating any constitutional principle. In such a case, "punishment for the same *act* is not necessarily punishment for the same *offense*," because, "when committed in a city, and when of that class of acts which tend to disturb the local health, peace and good order, and which therefore fall properly within the scope of municipal jurisdiction, an act punishable by the general law may, because of its more serious consequences in a city than elsewhere, constitute an additional offense, punishable by a municipal by-law and as an offense against the city." *Hood* v. *Von Glahn,* supra; *McRae* v. *Mayor &c. of Americus,* 59 *Ga.* 168 (27 Am. R. 390); *Purdy* v. *State,* 68 *Ga.* 295; *DeGraffenreid* v. *State,* 72 *Ga.* 212. As to this, it has been well said: "The act is single, its effect double; and for each effect there may properly, and without working injustice to the rights of the offender, be a separate remedy or penalty. The offense is per se contrary to the good order of the State, and therefore a certain punishment is prescribed for it wherever committed; but the offense, if committed within the limits of a populous town or

city, may work much greater injury to the local peace and good order, and it is proper that the town or city should have its remedy and a separate right to punish for the special and additional wrong done to it. . . In this sense then it may be truly said that the same act may be a wrong to the public at large and an additional wrong to the community where committed. It would be an offense against the dignity of the State and also an offense against the good order of the municipality." Horr and Bemis on Municipal Police Ordinances, § 89.

As I have previously pointed out in this dissenting opinion, the General Assembly in 1927 amended the "Georgia Motor-Vehicle Law" of 1915, and by the amendment expressly authorized each municipality of this State to regulate, by reasonable ordinance, the running or operation of motor vehicles upon its respective streets and alleys, and the motor-vehicle ordinance which the City of Atlanta pursuantly adopted was fully authorized by that amending act. The act of driving a motor vehicle upon the streets and alleys of a municipality while under the influence of intoxicating liquors or drugs is one which peculiarly affects the peace and good order of the municipality, and for which it can separately punish without interfering with the right of the State to deal with the same act by a general penal statute. See, in this connection, *Aycock* v. *Rutledge,* supra. And the ordinance being one which the City of Atlanta had legislative power to pass, it is valid though fully covered by the State's existing general statute which prohibits and punishes the act of operating a motor vehicle or motorcycle upon any public street or highway while under the influence of intoxicating liquors or drugs. In other words, the ordinance and the State's penal statute, which is § 68-307 of the Code of 1933, may legally coexist, though the former is fully covered by the latter. The act of 1927, which empowered the several municipalities of this State to regulate, by reasonable ordinance, the running or operation of motor vehicles upon their respective streets and alleys, is a general law, and the ordinance in question is not a "special law" affecting the uniform operation of a general law within the meaning of article 1, section 4, paragraph 1 of the Constitution of 1945, as the defendant in error argues. See *Maner* v. *Dykes,* 183 *Ga.* 118 (187 S. E. 699), in which *Forbes* v. *City of*

*Savannah,* 160 *Ga.* 701 (128 S. E. 806), was reviewed and expressly overruled. As I view the case, Jones should have been remanded to the custody of Jenkins.