20713. TAYLOR *v.* CURRY, Superintendent *et al.*

HAWKINS, Justice. On September 26, 1959, Doris Taylor, the step-daughter of Charlie Lee May, filed a petition for habeas corpus in his behalf, in Washington Superior Court, in which she alleged: that he is illegally restrained of his liberty by being confined in the common jail of the City of Sandersville, and from time to time forced to work upon the city streets and in connection with the public works of said city; that the persons restraining the prisoner of his liberty are Euree Curry, Superintendent of Streets and Sanitation, and Robert L. Newsome, Chief of Police of the City of Sandersville; that on or about August 24, 1959, the prisoner, in the Recorder's Court was charged with "Disorderly conduct, pistol in city," and "Disorderly conduct, shooting Louise Jackson"; that he, being unlearned and not represented by counsel, entered pleas of guilty, and was sentenced to pay fines of $100 or serve 90 days in each case. In connection with the charge of "Disorderly conduct, shooting Louise Jackson," the trial judge in this habeas corpus hearing bound Charlie Lee May over to the next grand jury for assault with intent to murder, assessed bond at $1,000, and relieved him from the city conviction; but, as to the sentence and judgment of the Recorder's Court, wherein Charlie Lee May is serving or in custody for "Disorderly conduct, pistol in city," he was remanded to custody. The exception is to this latter judgment. *Held:*

1. "The conviction of the defendant in the mayor's court, under a municipal ordinance, for disturbing the peace, will not protect the accused from a subsequent prosecution by the State for assault and battery, though the same transaction be involved in both cases." *DeGraffenreid* v. *State,* 72 *Ga.* 212.

2. "Acquittal in a State court on a prosecution by the State for assault and battery, will not protect the accused from subsequent trial and conviction in a municipal police court, under a city ordinance, upon the charge of disorderly conduct in fighting, though the same transaction and state of facts be involved in both trials." *McRea* v. *Mayor &c. of Americus,* 59 *Ga.* 168.

3. The disorderly conduct ordinance of the City of Sandersville, known as section 275, reads as follows: "Any person who shall act in a disorderly, riotous or tumultuous manner or who shall commit any act or acts whereby the safety of any

person or property is endangered or who shall commit any offense against the public peace, morality or decency not hereinbefore enumerated shall be deemed guilty of disorderly conduct and shall be punished as prescribed in this code." On the hearing of the habeas corpus proceeding, it was stipulated that Charlie Lee May, in the city limits of Sandersville, shot Louise Jackson with a pistol, and that the shooting took place in a private residence. Since, under the foregoing authorities, the Recorder's Court had authority to try Charlie Lee May for disorderly conduct, the trial judge did not err in remanding the prisoner to the city authorities to serve the balance of his 90-day sentence.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 11, 1960—DECIDED FEBRUARY 11, 1960—
REHEARING DENIED MARCH 14, 1960.

*Casey Thigpen,* for plaintiff in error.
*Thomas A. Hutcheson,* contra.