## AYCOCK *v.* TOWN OF RUTLEDGE.

1. It has not, since the ratification of the present constitution of this State, been within the power of the General Assembly to confer upon a particular and designated municipal court jurisdiction to try and punish persons for acts which are indictable and punishable as misdemeanors under any general law of this State, and in the commission of which there is no "ingredient or concomitant" offense peculiarly affecting the peace and good order of the municipality, for which it can separately punish without interfering with the right of the State to deal with the main accusation. Such legislation violates the constitutional paragraph prohibiting special legislation in cases provided for by general laws.

2. It follows that the act of Dec. 20, 1893, reincorporating the Town of Rutledge, is unconstitutional in so far as it undertakes to confer upon the municipal authorities of that town jurisdiction to punish offenders for selling without license any liquors the sale of which without license is indictable under the Penal Code of this State.

Argued May 2, — Decided May 25, 1898.

Certiorari. Before Judge Hart. Morgan superior court. March term, 1898.

*James F. Rogers*, for plaintiff in error.

*H. G. Lewis*, solicitor-general, by *Anderson, Felder & Davis* and *George & George*, contra.

FISH, J. The Town of Rutledge was reincorporated Dec. 20, 1893. Acts 1893, p. 291. The eighteenth section of its charter provides, "That the Mayor and Council of the Town of Rutledge shall, in their discretion, have the sole and exclusive right to grant license to sell malt, vinous, spirituous, and intoxicating liquors in any quantity whatever within the limits of said town, and to fix the rate of such license, the terms upon which license shall issue, and to regulate and control the sale of the same. . . No malt, vinous, spirituous, or intoxicating liquors shall be sold in said town, in any quantity what-

ever, except under a license obtained from said mayor and council, and the mayor and council may, for any violation of this section, or the laws and ordinances passed in pursuance thereof, punish such offenders as provided in section 15 of this act." Section 15 of the act establishes a mayor's court to try offenders against the laws and ordinances of the town, and gives such court authority, upon conviction, to sentence such offenders to pay a fine not exceeding fifty dollars, or be imprisoned not exceeding thirty days, or be put at labor on the streets or other public works in said town for a period not to exceed one hundred days; either or all of such penalties may be imposed in the discretion of the court. There was an ordinance passed by the mayor and council, fixing the license for retailing liquors in said town at one hundred and fifty dollars, for the year 1895, payable in advance or at the time of the granting of such license. G. W. Aycock was tried in the mayor's court in July, 1895, charged with selling liquor without a license in said town, during that year and prior to the trial. The contention of the prosecution was that, during such time, the accused retailed whisky in the town. He was convicted and sentenced to pay a fine of twenty-five dollars, or to be put at labor upon the streets for thirty days. On certiorari, this finding was sustained, and Aycock excepted.

The constitution of 1877 (art. 1, sec. 4, Civil Code, § 5732) declares: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." At the time of the adoption of the act of 1893, reincorporating the Town of Rutledge, and conferring upon the mayor and council the exclusive right to grant license to sell malt, vinous, spirituous, and intoxicating liquors, and authorizing them to punish offenders selling such liquors in the town without a license, there was in existence a general penal statute, operative throughout the State, making it a misdemeanor to sell any spirituous, vinous, or malt liquors in any quantity without a license. Penal Code, § 433. Construing this section, it was held in *Hardison* v. *State*, 95 *Ga.* 337, to be a misdemeanor to sell such liquors in any quantity, anywhere in this State, with-

out a license. The act authorizing the Mayor and Council of the Town of Rutledge to punish offenders for selling spirituous, vinous, and malt liquors in such town without a license, is a special law, and was enacted in a case for which provision had already been made, for punishing such offenders in the State courts, by an existing general law; therefore, such special law was forbidden by the constitution, and is void in so far as it undertakes to confer upon the Mayor and Council of the Town of Rutledge jurisdiction to punish offenders for selling, without a license, any liquors the sale of which without license is indictable under the Penal Code of this State. "Where the act is, in its nature, one which constitutes two offenses, one against the State and one against the municipal government, the latter may be constitutionally authorized to punish it, though it be also an offense under the law; but the legislative intention that this may be done ought to be manifest and unmistakable, or the power in the corporation should be held not to exist." 1 Dill. Mun. Cor. (4th ed.) § 368. The offense of selling liquor without license, however, is not one peculiarly affecting the peace and good order of the municipality, and for which it can separately punish without interfering with the right of the State to deal with the main accusation. We conclude that whatever may have been the power of the General Assembly, prior to the ratification of the constitution of 1877, to expressly confer upon a designated municipal court jurisdiction to try and punish for acts which are indictable and punishable as misdemeanors under a general law of this State, it is manifest that since the adoption of such constitution no such legislative power exists, unless the nature of the act be such as to constitute two separate and distinct offenses, one against the law of the State and the other against the ordinances of the municipality. See *Strauss* v. *Waycross*, 97 *Ga.* 475. The judgment of the mayor and council, convicting plaintiff in error of the offense of selling liquors without license, was contrary to law; and the learned circuit judge erred in overruling the certiorari.

*Judgment reversed. All the Justices concurring.*