## LITTLEJOHN *v.* STELLS.

1. The General Assembly may, by express enactment, authorize the corporate authorities of municipalities to provide by ordinance for the punishment of an act which in its nature affects the health, peace, and good order of the community, notwithstanding that such an act has already been made penal under the general law of the State.

123  427<br>Case 2<br>123  503<br>123  427<br>Case 2<br>d124  3<br>124  307<br>124  713

2. An ordinance passed in pursuance of such authority does not provide for the punishment of an offense against the laws of the State, and one arraigned in a municipal court for a violation of such ordinance is not entitled to a trial by jury.

3. The act of 1903 (Acts 1903, p. 96), which confers upon the corporate authorities of the cities of this State the power to provide by ordinance for the punishment of selling liquor on Sunday, limits the punishment to be inflicted to fine and imprisonment. A sentence under an ordinance passed under the authority of such act, providing that the accused shall work upon the city chain-gang, is without authority.

4. Direction is given that the applicant be taken from the city chain-gang and carried before the mayor's court of the city, in order that a legal sentence may be imposed upon him.

Argued May 25,—Decided June 17, 1905.

Habeas corpus. Before Judge Gober. Cobb superior court. March 25, 1905.

Littlejohn applied for a writ of habeas corpus, to be directed to Stells, alleging that the latter was holding him in custody in violation of law. At the hearing it appeared that the applicant

had been arraigned in the police court of the City of Marietta, charged with selling liquor on Sunday in violation of an ordinance of which the following is a copy: "Be it ordained by the City Council of Marietta, that from and after the passage of this ordinance it shall be unlawful for any person to sell in any quantity, directly or indirectly, any spirituous, malt, vinous, or intoxicating liquors of any character within the corporate limits of the City of Marietta from twelve o'clock on Saturday night until twelve o'clock on Sunday night. Any person violating this ordinance, upon conviction thereof, shall be fined by the mayor not exceeding $300, or imprisonment not longer than three months, or both at the discretion of the mayor." This ordinance was adopted in pursuance of authority conferred in an act approved August 15, 1903 (Acts 1903, p. 96), of which the following is a copy: "Be it enacted by the General Assembly of Georgia, that from and after the passage of this act it shall and may be lawful for the corporate authorities of each city in this State to pass ordinances prohibiting any person within the corporate or jurisdictional limits of such city from selling in any quantity, directly or indirectly, any spirituous, vinous, malt, or intoxicating liquors of any character, from 12 o'clock Saturday night to 12 o'clock Sunday night, and the corporate authorities of such cities are further empowered in such ordinances to provide that any person or persons violating any of the provisions of such ordinances shall, on conviction thereof before the police court of such city, whether known as mayor's or recorder's court, or otherwise designated, be subject and liable, as punishment for each and every such offense, to a fine of not more than $300 and to imprisonment not exceeding three months, either or both, at the discretion of the officer presiding in such police or other municipal court; and to further provide in such ordinances, that the aforesaid penalties shall not affect the power of the mayor or corporate authorities of such city to revoke the license of any barroom or tippling-house." The validity of both act and ordinance was attacked upon various grounds. The judge remanded the applicant to the custody of the respondent, and the applicant excepted.

*H. B. Moss*, for plaintiff.

*D. W. Blair* and *J. E. Mozley*, for defendant.

Cobb, J.　1, 2. It is well settled that a municipal corporation can not by ordinance provide for the punishment of an act which constitutes a criminal offense under the general law of the State, in the absence of express legislative authority conferring this power upon the municipality. *Moran* v. *Atlanta*, 102 *Ga.* 840. Prior to the adoption of the present constitution the General Assembly could confer this power upon municipalities either by general or special law. *Hood* v. *Von Glahn*, 88 *Ga.* 405. The present constitution prohibits the General Assembly from passing special laws upon this subject. *Aycock* v. *Rutledge*, 104 *Ga.* 533. But the power to pass a general law on the subject still exists. The General Assembly can not delegate to a municipality the authority to punish in a municipal court a State offense as such. *Grant* v. *Camp*, 105 *Ga.* 428. But it may authorize the punishment of an act as a city offense which would also be a State offense, provided the terms of the act conferring the authority are clear and unequivocal and manifest a legislative intent to confer authority for the punishment of such act. *Hood* v. *Von Glahn*, supra. The sale of liquor is prohibited in the county of Cobb. Hence a sale on Sunday, as well as on other days, would be a violation of the State law, and the authorities of the City of Marietta would have no power to provide for the punishment of one making such a sale on Sunday, in the absence of express legislative authority. The act of 1903, under which it is claimed that this authority is conferred, is a law general in its terms, and purports to confer authority upon each city in this State, and it is manifest from the language of the act that there was a legislative intent to authorize the corporate authorities of the various cities in this State to provide for the punishment of the act of selling liquor on Sunday. The act of selling spirituous liquors on Sunday is not, under all circumstances, in and of itself a distinct offense under the criminal laws of this State. *Moran* v. *Atlanta*, supra. The act of selling liquor at any time is, however, a distinct offense, under the criminal law of this State, in any county where a prohibitory law prevails. Hence, in order to confer authority upon the police courts of cities to punish for the sale of liquor on Sunday in such counties, express legislative authority is necessary; but the corporate authorities of cities located in those counties where no prohibitory

law prevails could provide for the punishment of those selling liquor on Sunday under the general powers in the charters of the different cities. The act in question clearly and unequivocally confers power upon the corporate authorities of the cities to punish the act of selling liquor on Sunday, and the fact that such legislation was unnecessary, so far as one class of cities is concerned, would not make the act invalid in so far as it was necessary to confer authority upon another class of cities. The act does not purport to confer authority to punish for a State offense, but it in terms grants to the corporate authorities of the different cities the right to provide for the punishment of an act which, when committed in cities of a given class, would be a violation of the criminal law of the State. We think it sufficiently appears from the terms of the act that there was a manifest legislative intent to authorize the city authorities of the different cities of the State to provide for the punishment of those who engage in selling liquor on Sunday, whether such sales be made in cities where such act would be a State offense, or in cities where such an act would not be an offense against the State. Such being the case, the ordinance passed by the corporate authorities of the City of Marietta was a valid ordinance. The police court of the City of Marietta had jurisdiction to punish for the city offense defined in the ordinance, and could proceed according to the lawfully authorized procedure and practice of that court. The applicant, when arraigned before that court, not being charged with a crime against the State, but simply with a violation of a municipal ordinance, would not be entitled, under the constitution, to a trial by jury. The case of *Hood* v. *Von Glahn*, supra, is controlling on this point.

3, 4. Under the act the municipal authorities could not provide for any other character of punishment than fine or imprisonment, either or both. The ordinance provides only for the punishment authorized by the act, and therefore the mayor had no authority to sentence the applicant to work upon the city chain-gang. There was no error in refusing to discharge the applicant, but he should not have been remanded to the respondent to work upon the city chain-gang. Direction is given that he be remanded to the custody of the respondent, to be carried before the mayor of Marietta to be sentenced, in accord-

ance with the act and the ordinance. · He should have been released from the chain-gang, but held in custody as one duly convicted in the mayor's court, subject to sentence therein according to law. *Wells* v. *Newton,* 101 *Ga.* 142 (4); *Russell* v. *Tatum,* 104 *Ga.* 332; *Screen* v. *State,* 107 *Ga.* 715. The judgment will be affirmed, with direction to this effect.

*Judgment affirmed, with direction. All the Justices concur, except Simmons, C. J., absent.*