26782.  GORDON et al. v. GREEN.

HAWES, Justice. The appellee in this case was charged in the Municipal Court of the City of Macon with the violation of an ordinance of that city making it an offense to operate a motor vehicle on the streets thereof while under the influence of intoxiating liquor. Upon his arraignment before that court, he was informed of his right to elect to treat the charge as a State offense, to waive commitment and to be bound over to the State Court of Bibb County for trial on the charge of violating the provisions of *Code Ann.* § 68-1625. Appellee elected to dispose of his case in the municipal court and to be tried for the violation of the municipal ordinance, and he

thereupon entered a plea of guilty. He was sentenced to serve a term of 60 days in the stockade of the City of Macon. Thereafter he filed his petition for the writ of habeas corpus in the State Court of Bibb County and was released on bond. On the hearing of the case the trial court ordered his discharge, and the respondents, the Warden of the Stockade of the City of Macon, the Superintendent of Public Works and the Chief of Police of the City of Macon, appealed. By an Act approved March 16, 1955 (Ga. L. 1955, p. 736 et seq.), the General Assembly amended the Uniform Act Regulating Traffic on Highways which had been approved on January 11, 1954 (Ga. L. 1953, Nov. Sess., p. 566 et seq.) by adding thereto two new sections providing as follows: "Cities and local authorities may adopt traffic regulations which are not in conflict with the provisions of this Act and may, in order to insure complete uniformity and to expedite enforcement, adopt all or such portions of this Act as to them may seem appropriate as city ordinances for such cities, and the recorder or city judge may punish violations thereof by fines not to exceed those set forth in this Act, and by sentences within the limits of the respective city charters. Provided, however, that if the offense charged constitutes a violation of any provision of this Act, and the defendant elects to have the charge treated as a State offense and waives commitment, the recorder or city judge shall summarily fix his bond and bind his case over to the appropriate State tribunal. Provided, however, that this section shall not apply in counties having a population of less than 108,000 according to the 1950 U. S. census or any future census."

"No person tried in any court for a violation of this Act, or any municipal ordinance adopted pursuant thereto, shall thereafter be tried in any court for the same offense. A conviction for the violation of an ordinance adopted pursuant to this Act shall be considered a prior conviction for all purposes under this Act and under the Act to create the Department of Public Safety for Georgia, ap-

proved March 13, 1937, and the several Acts amendatory thereof." *Code Ann.* §§ 68-1680, 68-1681. Under the provisions of § 47 of the Act approved January 11, 1954, the aforesaid Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov. Sess., pp. 566, 575; *Code Ann.* § 68-1625) the legislature declared it to be an unlawful act and a violation of State law for any person who is under the influence of intoxicating liquor to operate or drive any vehicle on the public streets and highways of this State and fixed the limits of punishment for a violation of that law.

Pursuant to the provisions of the amendatory Act of 1955, above quoted, the Mayor and Council of the City of Macon passed an ordinance declaring it to be unlawful for any person who is under the influence of intoxicating liquors or other alcoholic or malt beverages to operate any vehicle within the incorporated limits of the city. That ordinance provided that, "Any person who is convicted of a violation of the provisions of this section shall be punished as otherwise provided in the city charter for the punishment of violations of the ordinances of the city; provided, however, that no such punishment shall exceed in any respect punishment provided in § 47 of the State of Georgia Uniform Act Regulating Traffic on Highways approved January 11, 1954 (Ga. L. Nov.-Dec. Sess. 1953, pp. 556-623) as the same exists or may be amended." The ordinance further provided that, "Any person charged with an offense in violation of this section shall be brought before the recorder's court for trial, and the forfeiture of any bond or collateral posted by any such person shall not be accepted in satisfaction of said offense; provided, however, any such person when brought before said recorder's court shall then and there have the right to elect to have said charge treated as a State offense, and upon waiving commitment, the recorder shall summarily fix his bond and bind his case over to the appropriate State tribunal."

Relying upon the rationale of cases exemplified by *Jenkins*

*v. Jones,* 209 Ga. 758 (75 SE2d 815), the appellee contended in his application for the writ of habeas corpus that the 1955 amendment to the Uniform Act Regulating Traffic on Highways quoted above is an attempt on the part of the General Assembly to constitute the Municipal Court of the City of Macon as a State court and to delegate to the City of Macon authority to operate a State court contrary to the provisions of the Constitution contained in Art. VI, Sec. I, Par. I *(Code Ann.* § 2-3601) vesting the judicial powers of the State in the Supreme Court, a Court of Appeals, Superior Courts, Courts of Ordinary, Justices of the Peace, Notaries Public who are ex officio Justices of the Peace and such other courts as have been or may be established by law; that the provisions of the 1953 Act of the General Assembly above referred to declaring the operation of a motor vehicle while under the influence of intoxicating liquors to be a crime and fixing the punishment therefor is a general law of the State of Georgia covering and embracing that subject matter and the ordinance of the City of Macon and the Act of the General Assembly purporting to authorize the same are special laws which have been enacted to deal with a subject covered by an existing general law and that for this reason both of said laws are repugnant to and violative of Art. I, Sec. IV, Par. I of the Constitution of the State of Georgia *(Code Ann.* § 2-401) prohibiting the enactment of a special law in any case in which provision has been made by an existing general law. In granting the habeas corpus absolute and in ordering that the complainant be discharged from custody, the Judge of the State Court of Bibb County sustained these contentions. *Held:*

1. As early as 1891 this court recognized the right of a municipality to punish as a municipal offense an act which would also be a criminal offense against the State. *Hood v. Von Glahn,* 88 Ga. 405 (14 SE 564). The ruling in that case was expressly reaffirmed in the case of *Littlejohn v. Stells,* 123 Ga. 427 (51 SE 390). However, in

such case the power of a municipality to punish as a municipal offense that which is by general law of the State also a State offense must be conferred by a general rather than a special Act of the legislature (*Lanford v. Alfriend,* 147 Ga. 799 (95 SE 688)) and the grant of such power must be clearly expressed. The mere authority granted in a municipal charter to enact ordinances for the general welfare is not a sufficient delegation of this authority. Furthermore, the act which the municipality seeks to punish as a municipal offense must be such as affects the peace and good order of the municipality and contain some characterizing ingredient not contained in the State offense. See *Moran v. City of Atlanta,* 102 Ga. 840 (30 SE 298); *Aycock v. Town of Rutledge,* 104 Ga. 533 (30 SE 815); *Grant v. Camp,* 105 Ga. 428 (31 SE 429). A clear distinction is made by the cases between an attempt by the legislature to confer upon a municipal court power and authority to punish for a State offense and the delegation in a general Act of authority to the municipality to enact an ordinance making an act which is a criminal offense under the State law a crime under the municipal ordinance and to punish for a violation of the municipal ordinance. All of these cases were decided under the Constitution of 1877 which contained provisions substantially like, if not identical to, those provisions of the Constitution of 1945 respecting uniformity of laws (Art. I, Sec. IV, Par. I; *Code Ann.* § 2-401), vesting the legislative power in the General Assembly (Art. III, Sec. I, Par. I; *Code Ann.* § 2-1301) and vesting the judicial power in a system of State courts (Art. VI, Sec. I, Par. I; *Code Ann.* § 2-3601). These cases were all full-bench decisions, except the *Littlejohn* and the *Lanford* cases which were each decided by five justices, one justice not participating in each case. They have never been overruled or seriously questioned, and the rulings made by them as to this question are still the law. The case of *Jenkins v. Jones,* 209 Ga. 758, supra, decided in 1953, was based on the narrow ground that the Act of the

General Assembly which was the apparent basis for the municipal ordinance there in question did not expressly grant to municipalities the authority to enact an ordinance of the character there involved.

2. The 1955 Act amending the 1953 Act provides that it shall not apply in counties having a population of less than 108,000 according to the 1950 U. S. census or any future census. It is not a special Act, but is a law of statewide application in those counties having a population of 108,000 persons or more according to the 1950 census or any future census. "Population may properly furnish a basis for classification, provided it is open to let in all who may come within the classification made. *Abbot v. Commissioners of Fulton County,* 160 Ga. 657 (129 SE 38); *Sumter County v. Allen,* 193 Ga. 171, 176 (17 SE2d 567)." *Murphy v. West,* 205 Ga. 116, 120 (52 SE2d 600). In the 1955 Act, there is no basis for classification used other than population and no city in the State can be excluded from the provisions of that Act in the future provided it lies within a county having a population of 108,000 persons, or more. The Act is a general law and not a special law as those terms are used in Art. I, Sec. IV, Par. I of the Constitution of the State of Georgia. See *Commissioners of Roads & Revenues of Fulton County v. Davis,* 213 Ga. 792 (3) (102 SE2d 180). The fact that the Act is made effective only in those cities which adopt ordinances pursuant thereto does not destroy its character as a general law. *Mathis v. Jones,* 84 Ga. 804 (1) (11 SE 1018); *Haney v. Commissioners &c. of Bartow County,* 91 Ga. 770 (18 SE 28); *Mayes v. Daniel,* 186 Ga. 345, 355 (198 SE 535).

3. In 1954, the people of this State ratified a constitutional amendment authorizing the General Assembly to grant home rule to municipalities. The wording of that amendment is broad and all encompassing. It provides: "The General Assembly is authorized to provide by law for self-government of municipalities and to that end is hereby expressly given the authority to delegate its powers so

that matters pertaining to municipalities upon which, prior to the ratification of this amendment, it was necessary for the General Assembly to act, may be dealt with without the necessity of action by the General Assembly. Any powers granted as provided herein shall be exercised subject only to statutes of general application pertaining to municipalities. Art. XV, Sec. I, Par. I *(Code Ann.* § 2-8301.) Pursuant to that constitutional amendment the legislature in 1955 enacted the amendment to the Uniform Act Regulating Traffic on Highways first referred to. As we have pointed out, that Act is a general Act, and it granted to municipalities, including the City of Macon, the authoriity to enact ordinances like the one under which the appellee here was charged, pleaded guilty and was sentenced. The Act contains a provision which protects one charged and convicted under a municipal ordinance making an act which is a State offense a penal offense of the municipality from the hazard of being twice tried for the same act. The ordinance of the City of Macon, a copy of which is attached to the stipulation of facts upon which this case was tried, expressly follows the Act of the legislature, and limits the punishment which may be imposed under the municipal ordinance to the same punishment which may be imposed under the State law.

4. Under the constitutional amendment and authorities referred to in the preceding headnotes, the 1955 Act of the General Assembly (Ga. L. 1955, pp. 736-738) and the ordinance of the City of Macon enacted pursuant to that authority are not repugnant to the Constitution of the State of Georgia for any reason urged, and, therefore, the trial court erred in holding to the contrary and in ordering the respondent to be discharged from custody.

*Judgment reversed. All the Justices concur.*
ARGUED OCTOBER 12, 1971—DECIDED JANUARY 6, 1972.

*Miller & Miller, Lawton Miller, Jr.,* for appellants.
*Adams, O'Neal & Hemingway, Manley F. Brown, H. T. O'Neal, Jr.,* for appellee.