## 35626. AKIN v. HARDISON.

MARSHALL, Justice.

In 1974, Burrell S. Akin, Jr., was convicted of violating an ordinance of the City of Forest Park prohibiting driving while under the influence of intoxicants. In 1975, he was convicted of violating an ordinance of the City of Atlanta, which also prohibits driving while under the influence of intoxicants. In 1978, he was convicted of violating an ordinance of the City of College Park which, too, prohibits driving while under the influence of intoxicants.

In October of 1978, the Department of Public Safety notified Akin that he had been declared an habitual violator and that his driver's license was being revoked under the habitual violator statute, Code Ann. § 68B-308(a) (Ga. L. 1975, pp. 1008, 1032). Akin requested a hearing, which was held in February of 1979, and the hearing officer upheld the license revocation. Akin then appealed to the Fulton Superior Court. See Code Ann. § 68B-315. The superior court granted the department's motion for summary judgment. Akin appeals to this court.

Code Ann. § 68B-308(a) provides, in pertinent part, that, "When the records of the department disclose that any person has been convicted of a violation of Title 68A *or of a valid local ordinance adopted pursuant thereto,* of an offense occurring on or after the effective date of this Title, which record of conviction, when taken with, and added to, the previous convictions of such person of offenses occurring within 5 years prior to the date of such offenses, as contained in the files of the department, shall reveal that said person is an habitual violator, as hereinafter defined in this section, the department shall forthwith notify such person that upon the date of notification such person has been declared by the department to be an habitual violator, and that henceforth it shall be unlawful for said habitual violator to operate a motor vehicle in this State." (Emphasis supplied.) Code Ann. § 68B-308(b)1.(C) defines an "habitual violator" as "any person who has been convicted in any of the United States . . . three or more times of . . . violating Chapter 68A-9 of Title 68A of

the Georgia Code (Uniform Rules of the Road) or of violating the law of any other State, *or of a valid municipal or county ordinance substantially conforming to an offense in said Chapter 68A-9.*" (Emphasis supplied.)

Under Code Ann. § 68A-1503 (Ga. L. 1974, pp. 633, 689), local authorities by ordinance may adopt by reference any or all provisions of Code Title 68A. Code Ann. § 68A-1505 (Ga. L. 1974, pp. 633, 689) requires the local authorities to use the forms prescribed therein in adopting by reference the provisions of Title 68A.

The appellant's sole argument in this appeal is that Code Ann. §§ 68A-1503 and 68A-1505 violate Art. I, Sec. II, Par. VII of the Georgia Constitution of 1976 (Code Ann. § 2-207), which provides, in pertinent part, "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." We find this argument to be without merit.

"It is well settled that a municipal corporation can not by ordinance provide for the punishment of an act which constitutes a criminal offense under the general law of the State, in the absence of express legislative authority conferring this power upon the municipality. *Moran v. Atlanta,* 102 Ga. 840. Prior to the adoption of the present Constitution the General Assembly could confer this power upon municipalities either by general or special law. *Hood v. Von Glahn,* 88 Ga. 405. The present Constitution prohibits the General Assembly from passing special laws upon this subject. *Aycock v. Rutledge,* 104 Ga. 533. But the power to pass a general law on the subject still exists. The General Assembly can not delegate to a municipality the authority to punish in a municipal court a State offense as such. *Grant v. Camp,* 105 Ga. 428. But it may authorize the punishment of an act as a city offense which would also be a State offense, provided the terms of the act conferring the authority are clear and unequivocal and manifest a legislative intent to confer authority for the punishment of such act. *Hood v. Von Glahn,* supra." *Littlejohn v. Stells,* 123 Ga. 427, 429 (51 SE 390) (1905).

Code Ann. §§ 68A-1503 and 68A-1505 are laws of general application, and these laws constitute "express

legislative authority" which confer the power upon local authorities to adopt any or all provisions of the Uniform Rules of the Road and make them local ordinance violations.

Nevertheless, the appellant argues that although the General Assembly may authorize municipalities to pass ordinances *similar* to general state laws, municipalities can not enact ordinances *in the exact language* of the state laws. The appellant bases this argument on statements in *Gordon v. Green,* 228 Ga. 505, 509 (186 SE2d 719) (1972) and *Goldstein v. City of Atlanta,* 141 Ga. App. 701 (234 SE2d 344) (1977) to the effect that municipalities may not penalize an act which is also forbidden by a state penal law unless there is an "essential" or "characterizing" ingredient in the municipal offense which is not essential to or contained in the state offense.

This was a test which was intended to be applied in determining the validity of a local ordinance, when there existed a general law on the same subject, and there was no express legislative authorization for the special law. *Callaway v. Mims,* 5 Ga. App. 9, 14 (62 SE 654) (1908). See also *Hood v. Van Glahn,* 88 Ga. 405, supra; *Mayor &c. of Savannah v. Hussey,* 21 Ga. 80 (68 AD 452) (1857); *Morris v. State,* 18 Ga. App. 684 (90 SE 361) (1916). In this case, there is express legislative authorization.

The statements in *Gordon v. Green,* 228 Ga. 505, supra, and *Goldstein v. City of Atlanta,* 141 Ga. App. 701, supra, are not applicable when there is express legislative authorization for such ordinance.

*Judgment affirmed. All the Justices concur.*

Submitted November 16, 1979 — Decided January 8, 1980.

*Paul M. Hoffman,* for appellant.
*Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.