## 42045. HORNE v. CITY OF CORDELE et al.
### (329 SE2d 134)

MARSHALL, Presiding Justice.

The appellee city filed consecutively two nuisance-abatement proceedings pursuant to Code Ann. § 72-401 (now OCGA § 41-2-5) against appellant Horne in the Criminal Court of the City of Cordele (a recorder's court), the alleged nuisances consisting of two separate lots with buildings thereon. After trials, orders were entered, in the first case on March 30, 1982, and in the second case on September 7, 1982, finding the properties to be nuisances and ordering Horne to abate them. No certiorari or other appeal was taken from the order in the first case. On October 6, 1982, Horne applied for certiorari in the Superior Court of Crisp County in the second case. On October 28, 1982, the city filed an application for contempt in the first case. Horne filed in Crisp Superior Court a complaint seeking to enjoin further proceedings in the contempt action and to consolidate the equitable petition with the certiorari proceeding. In March, 1983, the cases were ordered consolidated, and the city was restrained from any further action on the contempt application until a hearing could be held.

One of the defenses raised by Horne in the second case was the unconstitutionality of Code Ann. § 72-401. In an order on the city's motion to dismiss in the consolidated cases, the superior court ruled that no constitutional infirmity existed in the nuisance-abatement procedures under which the city was proceeding; that the Criminal Court of the City of Cordele did not have power to punish for contempt of its order to abate; and that the only recourse was to bind Horne over for prosecution in a court with misdemeanor jurisdiction (superior court), as the offense became one against the state after notice to abate and refusal to comply (OCGA § 41-1-6).

Subsequently, the trial court entered an order reversing its earlier order, and holding that the Criminal Court of Cordele, notwithstanding the state misdemeanor statute, did have power to punish for contempt. Accordingly, both of Horne's cases were dismissed, and all interlocutory injunctive relief previously granted him was dissolved, from which rulings he appeals.

1. The first enumerated error is that OCGA § 41-2-5 is unconstitutional. The pretrial order in the consolidated cases recites that all parties were present at the pretrial hearing and agreed to the findings contained in the order, and provides that "The court determined, with full agreement of counsel for the parties, that there remains only one issue in the above-captioned consolidated cases, to-wit: Does the Criminal Court of the City of Cordele (a recorder's court) have the power to enforce its nuisance abatement orders by contempt proceedings in that court? *That all other legal attacks of plaintiff Horne against the nuisance proceedings against him and his property in the captioned cases are without merit.*" (Emphasis supplied.) "The [pretrial] order, when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." OCGA § 9-11-16 (b). "[O]nce a pretrial order has been entered, a party may not amend without leave of court or consent of the opposite party, [OCGA § 9-11-15 (a)] . . ." *Gaul v. Kennedy*, 246 Ga. 290, 291 (1) (271 SE2d 196) (1980). "No objection was made to this order, and 'The pre-trial order controls the subsequent trial, unless objected to. [OCGA § 9-11-16] . . . Appellant cannot now for the first time object to the specification of the issue contained in the pre-trial order.' [Cit.] Nor can they argue on appeal the merits of issues excluded from consideration on the trial of the case. [Cit.]" *Hawkins v. Richardson-Merrell, Inc.*, 147 Ga. App. 481, 484 (2) (249 SE2d 286) (1978). We find no error.

2. The second enumerated error is the holding that the Criminal Court of the City of Cordele can punish for failure to comply with its nuisance-abatement orders by contempt proceedings. The appellant cites us to OCGA § 41-1-6: "Any person who shall erect or continue after notice to abate a nuisance which tends to annoy the community, injure the health of the citizens in general, or corrupt the public morals shall be guilty of a misdemeanor." He then quotes from *Healey v. City of Atlanta*, 125 Ga. 736, 737 (54 SE 749) (1906): "Whenever there is a notice to abate and a refusal to comply with the notice, the offense becomes one against the State and can not be prosecuted in the recorder's court. Penal Code, § 641; *Vason v. Augusta*, 38 Ga. 542." Finally, he points out that the Court of Appeals, in *City of Atlanta v. Pazol*, 95 Ga. App. 598 (98 SE2d 216) (1957), held that a proceeding under Code § 72-401 is a civil proceeding, not criminal or quasi-criminal in nature; that the Municipal Court of Atlanta did not have the power to fine or imprison in such proceedings; and that the only power the court had after the failure of the defendant to abate after notice, was to bind the defendant over to a state court under the authority of Code § 72-9901 (now OCGA § 41-1-6). Based on the foregoing, the appellant argues that the Criminal Court of Cordele has no contempt jurisdiction in this case, and no authority except to bind

him over to a state court with misdemeanor jurisdiction (superior court).

The Criminal Court of the City of Cordele (a recorder's court) has the clear, manifest, unmistakable power to punish by contempt, failure to abide its judgments. Section 7.01 of the Cordele Charter (Ga. L. 1969, p. 3849) provides that "Such court shall have the power to enforce its judgments by the imposition of such penalties as may be provided by the laws of Georgia . . ." "The laws of Georgia," enacted as Section 7.03 of the Cordele Charter (Ga. L. 1969, pp. 3850-3851), limit the city court's power to punish by contempt not to exceed a $250 fine or imprisonment of not more than 30 days, or both.

*Healey v. City of Atlanta*, 125 Ga. 736, supra, relied on by the appellant, is distinguishable from the present case in the following particulars: (1) In *Healey*, there was no judgment providing for the abatement of the alleged nuisance. (2) At the time of *Healey*, there was no statute with the provisions of OCGA § 41-2-5, viz.: "If the existence of a nuisance is complained of in a city of this state, the police or municipal court of such city, whether known as a mayor's or recorder's court or otherwise designated, shall have jurisdiction to hear and determine the question of the existence of such nuisance and, if found to exist, to order its abatement." (3) The "notice" provision referred to in *Healey* (Code Ann. § 72-402, OCGA § 41-2-6) was repealed April 17, 1981, the date OCGA § 41-2-5, supra, became effective. (4) In *Healey*, there was an insufficiency of evidence, which is not even contended to be true here. (5) In *Healey*, the court was not dealing with a contempt action for failure to follow an order of the recorder's court, with clear charter authority of the municipality to punish for contempt.

The fact that the General Assembly made the continuation of a nuisance after notice to abate, a misdemeanor (OCGA § 41-1-6), does not preclude the Criminal Court of Cordele's power to abate nuisances pursuant to the legislative authorization in OCGA § 41-2-5, and its power to enforce its judgments by contempt pursuant to the legislative authorization in the city charter. " 'It is well settled that a municipal corporation can not by ordinance provide for the punishment of an act which constitutes a criminal offense under the general law of the State, in the absence of express legislative authority conferring this power upon the municipality. *Moran v. Atlanta*, 102 Ga. 840. Prior to the adoption of the present Constitution the General Assembly could confer this power upon municipalities either by general or special law. *Hood v. Von Glahn*, 88 Ga. 405. The present Constitution prohibits the General Assembly from passing special laws upon this subject. *Aycock v. Rutledge*, 104 Ga. 533. But the power to pass a general law on the subject still exists. The General Assembly can not delegate to a municipality the authority to punish in a municipal

court a State offense as such. *Grant v. Camp*, 105 Ga. 428. But it may authorize the punishment of an act as a city offense which would also be a State offense, provided the terms of the act conferring the authority are clear and unequivocal and manifest a legislative intent to confer authority for the punishment of such act. *Hood v. Von Glahn*, supra.' *Littlejohn v. Stells*, 123 Ga. 427, 429 (51 SE 390) (1905)." *Akin v. Hardison*, 245 Ga. 57, 58 (262 SE2d 814) (1980). Such a legislative intent is manifest here.

*Judgment affirmed. All the Justices concur, except Gregory, J., not participating.*

DECIDED APRIL 30, 1985 —
REHEARING DENIED MAY 21, 1985.

O. Wendell Horne III, Walters, Davis, Smith & Meeks, W. Emory Walters, for appellant.

Roberts, Roberts & Rainwater, G. Velpoe Roberts, Jr., for appellees.