A90A1874. NEASE v. BUELVAS et al.
(401 SE2d 320)

SOGNIER, Chief Judge.

Tracy Nease brought a medical malpractice action against Raul Buelvas, M.D., and Orthopedic Center, P.C. The jury returned a verdict in favor of the defendants, and Nease appeals.

Appellant contends in her sole enumeration of error that the trial court abused its discretion by failing to allow her to amend the pretrial order to add Elias Sedlin, M.D., as an additional expert witness, and erroneously excluding the testimony of Dr. Sedlin at trial. In its order on appellant's motion for leave to amend the pretrial order, the trial court found that appellant had originally filed suit against appellees in 1982 based on an alleged malpractice occurring in November 1980. That action was voluntarily dismissed without prejudice in January 1987. Appellant refiled the same action in June 1987, voluntarily dismissed it without prejudice, and then filed the instant suit in November 1987. Discovery in the case continued until August 1989 and in August 1989 the case was placed on the pretrial conference calendar. The pretrial order signed September 14, 1989 reveals that Dr. Sedlin was not listed as a witness appellant might or would have present at trial. Nor was Dr. Sedlin named as an expert witness in appellant's response to pertinent interrogatories filed by appellees. The trial court noted that the case was placed on the trial calendar in January 1990 but was continued at appellant's request. After one continuance based on a request by appellees, on February 26, 1990 the case was placed on the trial docket for trial to begin March 26, 1990.

On March 7, 1990 appellant filed amendments to the pretrial order and her answer to appellees' interrogatories so as to include Dr. Sedlin as an expert witness she would present at trial, in addition to Dr. Jonathan Spicehandler, the expert witness named in appellant's response to appellees' interrogatories and listed in the pretrial order. After appellees moved to strike appellant's amendment to the pretrial order, appellant filed her motion for leave to amend the pretrial order. Based on the parties' briefs and oral argument, the trial court denied appellant's motion and at trial excluded Dr. Sedlin's testimony both in appellant's case-in-chief and in rebuttal. A review of the proffered testimony of Dr. Sedlin reveals that it significantly tracked the trial testimony of Dr. Spicehandler.

" 'The (pretrial) order, when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice.' OCGA § 9-11-16 (b)." *Horne v. City of Cordele*, 254 Ga. 346, 347 (1) (329 SE2d 134) (1985). The decision whether to allow a party to introduce at trial (either in the case-in-chief or in rebuttal) the testimony of a witness not named in the pretrial order is a matter within the discretion of the trial court. *Allstate Ins. Co. v. Reynolds*, 138 Ga. App. 582, 587-588 (6) (227 SE2d 77) (1976). In view of the chronology of this case and the redundant nature of the testimony appellant sought to introduce, we find no clear abuse of the trial court's discretion and therefore conclude that this enumeration of error is without merit. See *Klemme Cattle Co. v. Westwind Cattle Co.*, 156 Ga. App. 353, 355 (1) (274 SE2d 738) (1980).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 9, 1991.

*Joseph B. Bergen*, for appellant.
*Oliver, Maner & Gray, Thomas A. Withers, Wendy W. Williamson, William P. Franklin, Jr.*, for appellees.